EMMONS R. WOLFE, ADMINISTRATOR (ESTATE OF DOROTHY PAULA WOLFE) *vs.* PHILIP REHBEIN.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued April 7th—decided July 1st, 1937.

*William J. Larkin, Jr.,* with whom was *William H. Tribou,* for the appellant (defendant).

*Michael V. Blansfield,* with whom was *Harry M. Albert,* for the appellee (plaintiff).

BANKS, J.  Plaintiff's decedent, a child two years and ten months old, received fatal injuries while playing near a pile of lumber which had been placed by the defendant near the boundary line between his property and that of the plaintiff, the child's father. It was claimed that the lumber was piled unevenly and insecurely, and that because it was so negligently piled, it fell upon plaintiff's decedent causing her death.  The appeal is from the denial of the defendant's motion to set aside the verdict in favor of the plaintiff and for alleged errors in the charge of the

court and its failure to charge as requested by the defendant.

The jury could reasonably have found the following facts: The defendant owned a lot adjoining the house in which the plaintiff lived. In June, 1935, he commenced to build a house upon this lot and piled lumber used in the construction of the house upon the rear of the lot parallel to the boundary line between his lot and that of the plaintiff. A portion of the lumber was upon the plaintiff's land extending two to two and a half feet over the boundary line. During the erection of the house defendant removed pieces of timber from this pile from time to time and there was left an opening in the pile about twelve inches in width between a pile of two by eight timbers on the plaintiff's land and the pile of similar timbers on the defendant's land. The lumber was originally piled evenly and securely, but after the removal of a portion of the timbers leaving this opening the remaining timbers were left unevenly piled and insecure and unbalanced. On October 21st, 1935, plaintiff's decedent, who had been left by the nursemaid with her sister aged four in the back yard of their home, was found in the opening in the pile of lumber beneath two planks which had fallen into the opening. The planks were two by eight timbers sixteen to eighteen feet long and weighing about fifty pounds each. In answer to special interrogatories the jury found that part of the lumber was piled on the plaintiff's property but that the timber which hit the child was piled on the defendant's property. The jury could also reasonably have found that the children were accustomed to play upon the defendant's lot during the construction of the house upon it, that the defendant knew that they were there every day, and told their parents that he would keep an eye on them.

The defendant contends that upon the evidence, and in view of the answers to the interrogatories, the jury must have found that the child, when struck by the timber which fell from the pile on his land, was either a trespasser or a licensee, that, as such, she took defendant's premises as she found them, assuming any danger arising from their condition, and that, though she was a child of tender years, he owed her no duty to keep his premises in safe condition for her use. It is true that, as a general proposition, the owner of property owes no duty to a licensee or trespasser, whether infant or adult, to keep it in safe condition for his use. *Pastorello* v. *Stone,* 89 Conn. 286, 289, 93 Atl. 529; *Wilmot* v. *McPadden,* 79 Conn. 367, 65 Atl. 157. He is not ordinarily bound to anticipate and provide for the presence of trespassers since he may properly assume that they will not ordinarily be there. When, however, the owner knows or should know that children are likely to trespass upon a part of his land upon which he maintains a condition which is likely to be dangerous to them he may be held liable for harm resulting to them therefrom.

The rule is stated in the Restatement of Torts, Vol. 2, § 339, as follows: "A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if (a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and (b) the condition is one which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children, and (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming

within the area made dangerous by it, and (d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein." The possessor is not bound to anticipate the presence of children because the structure or other artificial condition is one that would be likely to attract them to come upon the premises. But, if he knows or should know that they are likely to trespass, then he is bound to anticipate their presence and refrain from maintaining a condition likely to be dangerous to them because of their propensities to intermeddle and their failure to realize the risk involved. Restatement, Torts, Vol. 2, § 339, Comment *a*. The jury could reasonably have found that defendant knew that this child was every day upon his lot in the immediate vicinity of this pile of lumber and that he should have realized that, in the condition in which it was left, it involved an unreasonable risk of serious bodily harm which children of such tender age could not be expected to discover or appreciate, and that her death was caused by his failure to perform the duty which, under these circumstances, devolved upon him of taking reasonable precautions to avoid injury to her, even though her status was that of a trespasser.

There was evidence that plaintiff's decedent was a normal healthy child, and some evidence of the conditions, economic and otherwise, under which she was reared, being the daughter of a dentist in the active practice of his profession. While the verdict was a large one ($4500) we would not feel justified in overruling the conclusion of the trial court that it was not excessive. *Gorham* v. *Cohen*, 102 Conn. 567, 570, 129 Atl. 523. The court did not err in denying the motion to set the verdict aside.

The defendant filed a number of requests to charge in which the court was asked to instruct the jury

specifically as to the duty imposed by law upon the defendant in the event that plaintiff's decedent was found to be an invitee, licensee or trespasser, and complains that the charge did not direct the jury to first determine the legal relationship that existed between the plaintiff's decedent and the defendant and to apply the rule of law governing his duty in that relationship. The court gave to the jury definitions of invitee, licensee and trespasser, to which no exception was taken, and then clearly and accurately stated the duty devolving upon the defendant in each such relationship. In so far as the defendant's requests stated correct rules of law applicable to the issues involved they were sufficiently covered by the charge as given. The requests did not state the whole duty owed by an owner of property to a trespasser since they failed to state the duty devolving upon him when he knows or should know of the presence of the trespasser. The court correctly instructed the jury that the owner of land is not bound to anticipate the presence of trespassers or keep a lookout for them or maintain his premises in a safe condition for them, but that when he knows, or, under all the circumstances should know, that a trespass is being committed, it is his duty to exercise reasonable care to prevent an injury to the intruder.

The court did not err in failing to charge that the doctrine of "attractive nuisance" was not the law of this State as requested by the defendant. It does not appear that the plaintiff offered any proof that this pile of lumber presented a condition that would be likely to attract children to come upon the premises or made any claim involving the doctrine of attractive nuisance. Under this doctrine the landowner is held bound to anticipate the presence of children upon his premises, and exercise care for their safety, because

the instrumentality or condition is one that would be likely to attract them to come upon the premises. We have declined to so hold, but do hold that if he knows, or from facts within his knowledge should know, that their presence is to be expected, he is bound to anticipate it and exercise reasonable care to avoid injuring them. Conduct which may be careful in dealing with an adult may be careless in dealing with a child. *Wilmot* v. *McPadden,* 79 Conn. 367, 376, 65 Atl. 157. If the presence of children is to be anticipated, the care to be exercised is such as is reasonable having in view the probability that children, because of their youth, will not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it. Restatement, Torts, Vol. 2, § 339.

The court correctly charged the jury that the fact that a dangerous condition was apparent did not entitle the defendant to assume that children would appreciate the full extent of the risk and that it was his duty to disclose to them so much of the risk as he had reason to believe they would not themselves appreciate. One of the plaintiff's claims was that the pile of lumber as it stood upon defendant's land constituted a nuisance, and the court correctly charged the jury that if the natural tendency of the act complained of was to create danger and inflict injury upon person or property it might properly be found a nuisance as a matter of fact.

There is no error.

In this opinion the other judges concurred.