LOUIS BOTTICELLI *v.* EVA B. WINTERS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued May 4—decided June 8, 1939.

538

*DeLancey Pelgrift,* for the appellant (defendant).

*William M. Pomerantz,* for the appellee (plaintiff).

MALTBIE, C. J. With some minor corrections, but leaving for later discussion one major issue of fact, the finding states the following situation: The defendant owned and controlled a tenement house in Hartford, the janitor of which was George H. Hazel. The Stafford Savings Bank owned and controlled a tenement house on adjoining property, the janitor of which was Nathan Muchnick. In the rear of each tenement house was an open yard and these yards were not separated by any fence or barrier. Some time prior to May 1, 1937, Muchnick had procured a metal barrel and with the consent of Hazel had placed it in the yard in the rear of the defendant's property for the purpose of an incinerator. This barrel was used to burn refuse gathered in the yards of both properties and also by the storekeepers and tenants in both buildings, with the knowledge and consent of Hazel. At this time it was rusted and burned or broken through in many places; there were many holes near the lower edge as large as three by four or five inches; and there was no bottom in the barrel, but it did not rest flush with the ground. The top of the barrel was generally left uncovered while in use as an incinerator. When Hazel or anyone else started a fire in the barrel, he commonly went away and left it unguarded and unat-

tended and took no precautions to keep children away from it.

On May 1st, before 9 o'clock in the morning, he started a fire in the barrel and went away while it was burning, leaving it unguarded. The barrel was uncovered, and the refuse in it continued to burn and smoke until the plaintiff was injured. The neighborhood was thickly populated and young children were accustomed to use the yard of the defendant to play and as a short cut to and from school. On a number of occasions before May 1st children from the neighborhood played with fire in the barrel, to the knowledge of Hazel. Hazel knew that the children of the neighborhood were using the yard as a playground and as a short cut to and from school. On May 1st the plaintiff, six years old, and a younger companion, saw smoke coming from the barrel while they were playing in the yard connected with the tenement house in which they lived. This was in the rear of the defendant's property and separated from it by a fence, but there was an opening in the fence through which children could and did pass to the defendant's property. The plaintiff and his companion passed through this hole. There was at the time fire burning in the barrel and the plaintiff's companion threw some papers into it. As the plaintiff was standing near the barrel, flame came through the holes in its bottom and set fire to the legs of the overalls he was wearing. As a result he was seriously burned, suffering the injuries to recover for which he brought this action. From a judgment in his favor, the defendant has appealed.

The trial court based its conclusion that the defendant was liable upon several grounds. The first was that the defendant was negligent because the act of lighting a fire in the barrel was a violation of an ordinance of the city forbidding any person to kindle

a bonfire or allow it to burn on private property within twenty-five feet of any building, and further providing that all bonfires upon private property should at all times, when burning, be guarded by a person not less than fourteen years of age. The word "bonfire" signifies a fire built in the open air (Webster's New International Dictionary) and as used in the ordinance it cannot reasonably be construed to mean fires kindled in barrels provided for the purpose of burning refuse such as the one involved in this case; that would be to outlaw all incinerators in open yards within the city limits.

Another conclusion of the trial court was that the manner in which the defendant maintained the barrel upon the premises constituted a nuisance; but the plaintiff, a trespasser upon the property, would not be entitled to recover upon the ground that the barrel was a nuisance as to him. *Webel* v. *Yale University,* 125 Conn. 515, 7 Atl. (2d) 215; *McPheters* v. *Loomis,* 125 Conn. 526, 7 Atl. (2d) 437. The trial court did not expressly base its decision upon the ground upon which an owner of a tenement house was held liable in *Lombardi* v. *Wallad,* 98 Conn. 510, 515, 120 Atl. 291, where one of his employees set fire to a pile of rubbish in the yard in the rear of the building and left it unguarded, knowing that children were likely to play about it, with the result that a little girl was burned when her dress was ignited from a burning stick lighted by another child from the embers of the fire. However, the trial court's conclusions are broad enough to cover a recovery upon that basis and the plaintiff relies upon it before us. We cannot, however, sustain the finding that Hazel built a fire in the barrel on the morning of the accident. There is no direct evidence that he did so; there is, it is true, evidence that he frequently burned refuse in the barrel early in the

morning, and while the court might have found that Muchnick did not build a fire in the barrel that morning, and have disbelieved the testimony of Mrs. Muchnick that when, a short time before the accident, she put some papers in the barrel, there was no fire in it and she herself ignited them, it is found that storekeepers and tenants of both buildings and children on the premises kindled fires in the barrel; and under these circumstances an inference that on this particular morning Hazel started a fire in it would be a mere surmise; the situation would be very different if the circumstances were such as to justify a conclusion that Hazel alone would be likely to use the barrel for this purpose. The judgment cannot be sustained upon the doctrine of *Lombardi* v. *Wallad,* supra.

The trial court in its memorandum of decision and in its conclusions also sustained the plaintiff's right to recover upon the doctrine of *Wolfe* v. *Rehbein,* 123 Conn. 110, 193 Atl. 608, where we upheld a judgment based upon the death of a little girl as the result of the fall of lumber insecurely piled upon the defendant's premises adjacent to her home and where, after quoting from the Restatement, Torts, Vol. 2, § 339, we said (p. 114): "The jury could reasonably have found that defendant knew that this child was every day upon his lot in the immediate vicinity of this pile of lumber and that he should have realized that, in the condition in which it was left, it involved an unreasonable risk of serious bodily harm which children of such tender age could not be expected to discover or appreciate, and that her death was caused by his failure to perform the duty which, under these circumstances, devolved upon him of taking reasonable precautions to avoid injury to her, even though her status was that of a trespasser."

The change we have found it necessary to make in

the finding so alters the situation which the trial court must have had in mind in deciding the case that it might not be possible to sustain the judgment upon that doctrine. *Glodenis* v. *American Brass Co.*, 118 Conn. 29, 36, 170 Atl. 146; *Swift & Co.* v. *Peoples Coal & Oil Co.*, 121 Conn. 579, 586, 186 Atl. 629. That aside, we would hesitate to hold that one in control of a building was liable for such an injury as occurred in this case merely because he maintained an incinerator in an open yard of the premises, even though it was in such a condition that flames from refuse burning in it would come through its sides and the owner knew that children played about the yard, where the injury was due to an intermeddler, who, without right, set fire to refuse in the incinerator. In such a condition it would be difficult to see how the landowner could be charged with that reasonable anticipation of harm which lies at the root of liability in negligence in such a situation. *Swentusky* v. *Prudential Ins. Co.*, 116 Conn. 526, 533, 165 Atl. 686; *Dean* v. *Hershowitz*, 119 Conn. 398, 408, 177 Atl. 262. It is true that Hazel knew that Muchnick, the storekeepers and tenants in the buildings and also children at times set fire to refuse in the barrel. This would not in itself be a sufficient basis for imposing liability on the defendant. An owner of a tenement house may properly permit the occupants to use a rubbish burner he places in a yard on the premises even though to his knowledge children are accustomed to play there, if reasonable means to safeguard them from harm are provided. As pointed out in the *Lombardi* case (p. 515), the basis of liability in such a case is a failure to have such safeguards. If the owner knew or should have known, not only that others were accustomed to use the burner, but that they did not adopt reasonable means to safeguard children who

were in the habit of playing about the yard, and one of them was injured by the lack of such safeguards, he might be liable. The trial court has not found that this situation was present in the case before us. Under these circumstances the trial court was in error in holding the defendant liable under the principle stated in *Wolfe* v. *Rehbein,* supra.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.