## LORRAINE BIRDSALL
### *vs.*
## CONNECTICUT SHORE REALTY CO., INC.

Superior Court        Fairfield County        File No. 57884

MEMORANDUM FILED APRIL 18, 1940.

*Francis W. Carroll,* and *Mark Candee,* of Greenwich, for the Plaintiff.

*H. Allen Barton,* of Greenwich, for the Defendant.

MUNGER, J. The plaintiff is apparently an alert, intelligent child, who was nine years old at the time she received the injury complained of.

It is claimed that a recovery in this action is necessary, or justified, by virtue of the rule announced in *Wolfe vs. Rehbein,* 123 Conn. 110. The evidence, however, discloses a very different state of facts in the instant case from any upon which a recovery under the *Wolfe* case could be permitted.

Assuming that the swing used by the child, the fall off of which produced her injury, was dangerous by reason of its character and location and the surrounding terrain, it does appear that the child knew of this danger. She testified that she had been there seven or eight times before, used to go there when passing to the store, and she played games on the land with other children about her age, and sometimes played on the rocks, using the swing also.

The swing was used by grasping the tire in the hands of the child, and then swinging out, and the injury received by the plaintiff resulted from a loosened hold upon the tire, so that she fell on the rocks. She testified distinctly that she knew this was dangerous, and knew that if she fell off of the swing she might fall on one of the big rocks; and she further testified that she took a chance of being able to hang on.

Upon this testimony, the issue of contributory negligence cannot lightly be dismissed. A very large number of cases in the books may be found holding that a child of this age and intelligence may properly be found guilty of contributory negligence when the circumstances justify such a finding.

It is unnecessary, however, to place the decision upon the ground of contributory negligence since it conclusively appears, in my opinion, that no negligence on the part of the defendant has been shown. It is sufficient to say that *Wolfe vs. Rehbein,* above cited, is the strongest possible support to the defendant's case rather than that of the plaintiff. Here the defendant owned a rough, unimproved tract of land, devoted to no use, and bought by it only for the purpose of protecting other improved property in the vicinity. The character of the land clearly appears in evidence.

The plaintiff did not offer any evidence whatever of any actual knowledge of the presence of this swing upon the land. On the other hand, it clearly appears that the defendant had no

such knowledge. It did not erect the swing, or maintain it, nor did it have any knowledge whatsoever of its existence until after the plaintiff was injured. It had no notice or knowledge that children were accustomed to play upon the land. If they went there for any purpose the act was, of course, a trespass, as would have been the action of any other person. It certainly cannot be held that there was any constructive knowledge or notice on the part of the defendant. It was under no duty to inspect this rough tract of land for the purpose of safeguarding possible trespassers upon it. It was under no duty to anticipate the existence of anything like this swing, or the use of it by children.

The child suffered a distressing injury, but it was one of the inevitable accidents which all too frequently occur. So long as children have the inclination to play, and so long as there is any opportunity left in the world for them to do so, we must expect heedlessness and misadventure.

Judgment must be rendered for the defendant.