## Louis Botticelli *v.* Eva B. Winters.

Maltbie, C. J., Avery, Brown, Jennings and Ells, Js.

Argued June 6—decided July 15, 1941.

*William M. Pomerantz,* for the appellant (plaintiff).

*DeLancey Pelgrift,* for the appellee (defendant).

Avery, J. This was a negligence case based on the failure of the defendant's janitor to guard an incinerator situated on the premises of the defendant, as a result of which the plaintiff was injured. The case was before the court on a previous appeal from a judgment for the plaintiff. On that appeal error was found and a new trial was ordered. On the new trial, the judgment was for the defendant and the plaintiff has appealed. Most of the material facts are stated in the report on the former appeal and it would be unprofitable to restate them. Briefly summarized, they are

these: The plaintiff, a five year old child, was burned by fire which came through holes in the side of a metal incinerator kept in a yard in the rear of a tenement house of the defendant. The incinerator was used to burn rubbish by Hazel, the janitor of the defendant's building, and also by Muchnick, the janitor of an adjoining building, under an arrangement which the latter made with the defendant. Children of the neighborhood were accustomed to pass through and play in the yard, as Hazel knew. The immediate cause of the burning of the plaintiff was paper which he and a companion had gathered, which the companion threw into the barrel and which became ignited by fire left from the previous burning of rubbish in it.

Certain facts were found by the court upon the present appeal which were not stated or which differ from the facts found in the former case. We call attention to these. The finding of the trial court on the present appeal is that on the day in question, contents of the incinerator had been emptied by the rubbish collectors of the city of Hartford and during the morning it had been put back in its place in the yard by Hazel, the janitor of the defendant's building. He then entered the house and some time later heard a child scream and saw the plaintiff being attended by his father in the backyard adjoining. Hazel made no fire in the barrel and saw no fire burning in it on that day. At about 11 o'clock in the morning, Mrs. Muchnick, wife of the janitor of the adjoining tenement house, went out to the barrel, found no fire in it, lighted and burned some newspapers, and returned to her home. She saw at that time no children in the yard and this was the first time that she had ever personally used the barrel to burn papers or rubbish. The trial court further found that for four or five years prior to the day in question the barrel had been used as an incinerator for

burning papers, rubbish, and refuse gathered in the yards of the defendant Winters and the tenement house adjoining by the janitors of the two buildings and that this had been done with the knowledge of Hazel, the janitor of the defendant's building. When a fire was started in the barrel by any person other than the janitor of the defendant's building, the fire was left unguarded and unattended.

The plaintiff has sought additions and corrections to the finding with a view primarily of establishing as a fact that the fire was started by Hazel. The finding of the trial court, however, is supported by evidence and no correction of the finding is permissible by which the position of the plaintiff would be materially advantaged. In the present case, it is not found that Hazel knew that anyone used the barrel except Muchnick, the janitor of the adjoining building. He did not know that Mrs. Muchnick used it and there is nothing in the finding from which such knowledge must be imputed to him as a matter of law. In the previous opinion, *Botticelli* v. *Winters,* 125 Conn. 537, 542, we pointed out that the basis of liability would be a failure on the part of the defendant to take reasonable means to safeguard children from harm from the burning of rubbish in the barrel, and added: "If the owner knew or should have known, not only that others were accustomed to use the burner, but that they did not adopt reasonable means to safeguard children who were in the habit of playing about the yard, and one of them was injured by the lack of such safeguards, he might be liable." Under all the circumstances, it was a question of fact for the trial court to determine whether or not Hazel should have known that Mrs. Muchnick had made a fire in the incinerator and whether or not he should have taken precautions to

prevent injury to children from a fire started by them from the embers left by her.

After assignments of error had been filed by both parties, the trial court filed a correction of the finding, striking out one paragraph and part of another. The appellant in his brief asserts that this was an abuse of the trial court's discretion. It was within the power of the trial court to correct the finding at any time before argument of the appeal. Practice Book, § 365.

There is no error.

In this opinion the other judges concurred.