HENRY PRZWGOCKI, JR. *v.* BLANCHE JESINCKA WIKRIS ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued November 3—decided December 1, 1943.

*Robert J. Woodruff,* with whom was *Anthony A. E. DeLucia,* for the appellant (plaintiff).

*Charles Albom,* with whom, on the brief, was *David E. FitzGerald, Jr.,* for the appellees (defendants).

DICKENSON, J. The defendant, Blanche Wikris, was the owner of a building located at the corner of Wallace and Humphrey Streets, New Haven. She maintained a tavern on the ground floor and employed the defendant Peter Wikris therein as a bartender. Beneath a window in the tavern opening on Wallace Street was a cellar hatchway with hinged doors slanting from the window sill to the ground level. The wall of the building was four feet inside the building or property line and the hatchway was entirely on the defendants' property. Wallace Street runs north and south. The sidewalk was extended to the wall of the

defendants' building south of the hatchway. North of it, as appears by a photograph, in evidence, were steps leading into the building and beyond these a rail fence substantially on the street line. About fifteen inches south of the hatchway and about fourteen inches from the defendants' wall an upright iron pipe about two inches in diameter was imbedded in the cement walk. The height of this is not found, but reference to the photograph indicates that the top of it was several inches below the top of the hatchway doors.

The plaintiff, a boy six years of age, and several other boys at play on Wallace Street in the daytime mounted the hatchway doors and, crowding and pushing one another, peered through the tavern window. Some of the boys called "Pete" to the defendant bartender, Peter Wikris. The defendant Blanche Wikris was not present. The bartender left the tavern by the front door on Humphrey Street, turned the corner of the building, took one or two steps toward the boys and "yelled" to them to get off the cellar doors, gesturing with a sweep of the hand or finger. The boys jostled and pushed one another to get off the doors and the plaintiff, either because of the rush of the boys or because he was pushed by them, fell from the doors astride of the pipe and suffered a ruptured urethra. The pipe had been in the same position for many years and had never caused injury. The defendants had never before seen children standing on top of the cellar doors nor had they notice or knowledge of a practice by children of doing so.

On these facts the trial court reached the conclusions that the pipe offered no danger to pedestrians or other persons using the sidewalk on Wallace Street and was not a nuisance; that the defendants reasonably could not have anticipated that the plaintiff would fall astride of the pipe and suffer the injury he did;

and that they were not liable for his injury. The plaintiff appealed, claiming that the conclusions were not supported by the facts and the law.

The pipe could hardly be claimed to constitute an absolute nuisance. "This exists where there is a condition which is a nuisance in any locality and under any circumstances." *Beckwith* v. *Stratford*, 129 Conn. 506, 508, 29 Atl. (2d) 775. The claim that the injury was caused by warning the boys away from the doors was purely one of fact and has been resolved in the defendants' favor, and the trial court's conclusion must stand. The remaining questions are whether the court could reasonably hold that the defendants were not negligent in maintaining the pipe where it was and that there was no nuisance in fact.

An owner of property abutting on a highway is required to use reasonable care to keep his premises in such condition as not to endanger travelers in their lawful use of the highway. *Sawicki* v. *Connecticut Ry. & Lighting Co.*, 129 Conn. 626, 631, 30 Atl. (2d) 556; *Ruocco* v. *United Advertising Corporation*, 98 Conn. 241, 247, 119 Atl. 48. "The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. *Botticelli* v. *Winters*, 125 Conn. 537, 542, 7 Atl. (2d) 443. By that is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the ordinary [prudent] man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?" *Orlo* v. *Connecticut Co.*, 128 Conn. 231, 237, 21 Atl. (2d) 402; *Higgins* v. *Connecticut Light & Power Co.*, 129 Conn. 606, 613, 30 Atl. (2d) 388.

In the case before us the pipe was not in the line of travel on the sidewalk. The cellar doors, steps and fence north of it projected beyond it. The plaintiff was not injured by falling over the pipe while using the sidewalk. The question to be decided by the trial court was whether the defendants reasonably should have foreseen that children would mount the doors and from these fall on the pipe. The pipe had never before caused injury nor had children ever played on the cellar doors to the defendants' knowledge. See *Wolfe v. Rehbein*, 123 Conn. 110, 114, 193 Atl. 608. The questions whether the defendants were negligent and whether the pipe was a nuisance in fact were for the determination of the trial court and we cannot overrule its decision that the injury was not one which should have been anticipated and that the pipe was not a nuisance.

There is no error.

In this opinion the other judges concurred.