## FRANCIS J. MORAN
*vs.*
## MARY T. CROCKER

Superior Court     New Haven County     File No. 64243

## MEMORANDUM FILED MARCH 31, 1944.

*John E. McNerney*, of New Haven, for the Plaintiff.

*David M. Reilly*, of New Haven, for the Defendant.

■■■■■■

MUNGER, J. In my opinion the demurrer does not take into consideration the allegations of paragraph 2, which are as follows: "On said day, and for a long time prior thereto, the defendant allowed large numbers of children to come on said premises, where it maintained a short rope hanging from the limb of a large tree, and allowed said children to climb the tree and swing on said rope, knowing full well that such activities might well cause injuries to said children."

There is here an explicit allegation of actual knowledge on the part of the defendant of the condition on the premises which might cause injuries to the children and the allegations of negligence which follow are in proper form.

In an action of this kind our court has held that the root of liability where the suit is one for negligence is to be found in the "reasonable anticipation of harm." *Botticelli vs. Winters*, 125 Conn. 537.

I do not see why the complaint does not set forth a cause

of action based upon the authority of *Wolfe vs. Rehbein,* 123 Conn. 110. In that case the court says (p. 113): "When, however, the owner knows or should know that children are likely to trespass upon a part of his land upon which he maintains a condition which is likely to be dangerous to them he may be held liable for harm resulting to them therefrom."

The allegations of the complaint sufficiently come within the conditions necessary to establish liability as stated in the opinion in this case.

I think there must be a trial because the negligence of the defendant cannot be determined until all the facts are known which affect the character of the claimed acts of negligence. The defendant may or may not be liable. The nature of the rope used as a swing, the danger obviously or otherwise attached to such use and the knowledge of the defendant must be inquired into before the court can say whether there is liability.

I think the demurrer must be overruled.