Anna M. Figlar et al. *v.* Norman F. Gordon et al.

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued April 2—decided May 1, 1947

J. *Kenneth Bradley,* with whom was *Frederick L. Comley,* for the appellants (defendants Garrabrandt and Connecticut Railway & Lighting Co.).

*George N. Foster,* with whom was *Philip Lyster,* for the appellant (named defendant).

*David Goldstein,* with whom were *Meyer Dworkin* and *Alvin W. Peck,* for the appellees (plaintiffs).

BROWN, J. In this action Anna M. Figlar and Mary A. Liscinsky, each a minor bringing suit by her next friend, sued the three defendants for damages for personal injuries alleged to have resulted from the negligence of the defendants when the plaintiffs were run down by the defendant Gordon's automobile as they walked across Stratford Avenue

in Bridgeport on August 1, 1943. The jury returned a verdict for each plaintiff against all of the defendants and all of them have appealed. The defendants The Connecticut Railway and Lighting Company and Garrabrandt, who is admitted to have been its agent acting within the scope of his authority, have assigned error in the court's denial of their motion to set aside the verdicts as against the evidence, excessive, and contrary to law, and also in its charge to the jury, but have abandoned their claim that the Liscinsky verdict was excessive. The defendant Gordon has assigned error in the denial of his motion to set aside the verdicts; in argument he has restricted his claim to the court's failure to set aside the Figlar verdict as excessive.

These material facts are undisputed: Stratford Avenue in Bridgeport extends in a general easterly and westerly direction and where Kossuth Street intersects it from the north is sixty-six feet wide. There is an overhead traffic light at approximately the middle of the intersection. On August 1, 1943, about 7:45 p.m., the plaintiffs stood on the sidewalk at the northwesterly corner of the intersection; as they were about to proceed southerly across Stratford Avenue, they observed that the traffic light showed green for southbound traffic and red for eastbound traffic, and that south of the center line of the avenue an automobile headed east had stopped a little west of the westerly crosswalk, while just south of that automobile the defendant company's bus had stopped likewise. The plaintiffs proceeded across on the crosswalk, passing in front of the stopped car and bus, and the traffic light continued unchanged until they had gotten at least half way across. The defendant Garrabrandt, who was the driver of the

bus, watched the plaintiffs as they proceeded from the center of the highway and until they had gone by the front end of the bus. Just after they had passed beyond it, the left side of the car of the defendant Gordon, as he drove easterly past the right side of the bus, struck the plaintiffs with great violence and caused the injuries complained of.

Notwithstanding the claim of the defendant company and the defendant Garrabrandt to the contrary, there was evidence which warranted the jury in further finding that when the plaintiffs had reached a point about opposite the center of the front of the bus Garrabrandt caused its Diesel motor to roar; that the bus started up and moved forward a little before it was brought to a stop; that this frightened the plaintiffs, who hastened from the path of the bus to the point a little beyond its right front corner where they were struck by the Gordon car. These defendants also contend that even under these circumstances there was no sufficient factual basis to establish either that the conduct of the bus driver constituted negligence or, if it did, that this negligence was a proximate cause of the plaintiffs' injuries, and that therefore the verdicts finding them liable cannot be sustained.

In so far as their claim as to the driver's negligence is concerned, they recognize that the ultimate test of his duty to use care, the sine qua non of negligence upon his part, was to be found in the reasonable foreseeability that harm might result if it was not exercised. *Przwgocki* v. *Wikris,* 130 Conn. 419, 422, 34 A.2d 879. They argue, however, that, even if it was foreseeable that the roaring of the motor and the temporary starting of the bus would hasten the plaintiffs' progress onto the part of the crosswalk

to the right of the bus, this area could not be deemed a zone of potential harm to pedestrians because of statutory provisions which the defendant driver was entitled to assume would be observed, that consequently no harm to the plaintiffs was foreseeable, and that therefore the defendant driver was chargeable with no duty to refrain from doing as he did. The assumption referred to is that no one would violate either § 544e (a) of the 1939 Cumulative Supplement to the General Statutes by driving a car past the bus on the right instead of the left in overtaking it, or § 395 of the General Statutes by driving through the intersection in disregard of the right of way thereby conferred upon the plaintiffs. Even though this assumption be sound, these defendants are mistaken in further assuming that the only possible natural reaction by the plaintiffs in response to the driver's claimed misconduct which can be regarded in applying the test of foreseeability was that, in manifesting their reaction to the fright experienced from the situation suddenly precipitated upon them, they would hasten or start forward rather than do something else such as jumping back. If they had gone back instead of forward, obviously the first statute referred to could afford no support for the defendants' contention, and the same might well hold true of the second since the plaintiffs already had passed beyond the car which was halted on the left of the bus so that under the provisions of the statute, if the light had then turned from red to green for eastbound traffic, that car might properly have been proceeding over the crosswalk. The perils to the plaintiffs in such a situation are obvious. In short, these defendants have relied on too narrow an interpretation of the test. It does not mean "that

one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result? Bohlen [Studies in the Law of Torts] 260; *Sponatski's Case,* 220 Mass. 526, 530, 108 N. E. 466." *Orlo* v. *Connecticut Co.,* 128 Conn. 231, 237, 21 A.2d 402; see also *Mitnick* v. *Whalen Bros., Inc.,* 115 Conn. 650, 651, 163 A. 414; *Reynolds* v. *Land Mortgage & Title Co.,* 114 Conn. 447, 455, 159 A. 282. This test when applied to the evidence in this case leaves no doubt that the jury were warranted in finding the defendant bus driver negligent.

Neither can the further contention prevail that, even though the bus driver could be held negligent, the further finding that his negligence was a proximate cause of the plaintiffs' injuries cannot be sustained because of superseding negligence of the defendant Gordon. This claim is based upon a disregard of the distinction between concurring and superseding negligence. The jury could properly have found that the bus driver's negligence and that of the defendant Gordon in driving by on the right of the bus were substantially contemporaneous and coexistent, and that the negligence of both continued actively and continuously operative up to the time the plaintiffs were struck. See *Roden* v. *Connecticut Co.,* 113 Conn. 408, 413, 155 A. 721. Under these circumstances the negligence of Gordon could not be effective to eliminate as a proximate cause the negligence of Garrabrandt. Restatement, 2 Torts § 439. Accordingly, the concurrence of Gordon's negligent

act could not absolve the other defendants from liability for Garrabrandt's negligent conduct. *Stedman* v. *O'Neil*, 82 Conn. 199, 208, 72 A. 923; *Sullivan* v. *Krivitsky*, 100 Conn. 508, 511, 123 A. 847; *Iannucci* v. *Lamb*, 123 Conn. 142, 144, 193 A. 212; *Peck* v. *Fanion*, 124 Conn. 549, 553, 1 A.2d 143. The distinction between the instant case and that of *Corey* v. *Phillips*, 126 Conn. 246, 10 A.2d 370, relied upon by the defendants, wherein the pleadings and claims of proof squarely presented the issue of intervening force and superseding cause, clearly appears from a reading of that opinion. The jury were justified in finding that the bus driver's negligence was a proximate cause of the plaintiffs' injuries.

The errors assigned by the defendant company and by Garrabrandt as to the charge relate to the court's failure to instruct the jury that Garrabrandt had a right to assume that Gordon would comply with the law and concerning the doctrine of supervening negligence or superseding cause, and also to the insufficiency of the charge as given concerning proximate cause. No request to charge or objection relative to any of these matters was made as provided in § 156 of the Practice Book. Notwithstanding this failure to comply with the rule, counsel has argued that the claimed instructions were so "essential to a proper and complete consideration and decision of the case," in the words of our opinion in *Riley* v. *Connecticut Co.*, 129 Conn. 554, 559, 29 A.2d 759, that these claimed errors must be considered to avoid a real miscarriage of justice. Assuming that this might be so under certain circumstances in a given case, what we have said in discussing the denial of the motion to set aside the verdict is sufficient to indicate that this is not that case. That this accords

with the view which now protesting counsel entertained at the conclusion of the charge and before the verdict was rendered is indicated by his statement to the court, after referring to another matter, "I think that is the only objection." The defendants take nothing by these assignments.

By their verdicts the jury awarded $30,000 damages to the plaintiff Figlar and $3000 to the plaintiff Liscinsky. In response to the motions to set the verdicts aside, the court, for reasons set forth in its memorandum, which reviews the various elements of damage in each case with particular care, ordered a remittitur of $1250 by the plaintiff Liscinsky but denied the motions as to the Figlar verdict. No purpose would be served by narrating at length the injuries and damage which there was evidence to prove was sustained by this plaintiff. She was a girl just under seventeen years of age and in good health before the accident, and was earning $32.80 per week as a factory bench worker. Her primary injuries consisted of a compound comminuted depressed fracture of the skull with laceration of the brain and destruction of much brain tissue, and a badly comminuted fracture of the right tibia and fibula. Whether she would survive was at first a matter of grave doubt. An operation was performed, during which a quantity of necrotic brain substance was removed, leaving a depression in the skull about two to two and a half inches in diameter; there was also an operation for the open reduction of the broken leg bones and further surgical treatment for infection of the leg. She spent ten weeks in all in the hospital.

A year after the accident she still walked with a limp and at the time of trial had a 10 per cent loss

of use of her lower leg. She still has a soft spot where the portion of skull was removed which may require an operation later for the insertion of a plate. Without this, danger of harm from a blow in that area will continue. At the time of trial she had been unable to resume her work and was still nervous and irritable and suffered from disturbed sleep. The danger that epilepsy may develop during the next ten to fifteen years cannot be ruled out. While the evidence would not justify an award of damages based upon the occurrence of epilepsy in the future because it went no further than to deal with this as a possible result, the danger that it might ensue was a present fact and the jury were entitled to take into consideration anxiety resulting therefrom. *Orlo* v. *Connecticut Co.,* supra, 236. In addition to the intense suffering already endured she will continue to have pain. Her loss of wages to the time of the trial totaled $2624 and her expenses for medical treatment amounted to $1,759.50, establishing special damages of $4,383.50.

While there is a similarity in the elements of damage in this case to those in *Delameter* v. *Adley Express Co.,* 130 Conn. 274, 282, 33 A.2d 329, cited by the defendants, where in sustaining a verdict of $16,885 we referred to it as "large," special damage over three times as great and the soft spot in the plaintiff's skull in the instant case are material factors among others which distinguish the two cases. Upon all of the evidence we cannot hold unwarranted the court's conclusion that, while the verdict of $30,000 might perhaps be characterized as generous, it was not excessive, and that "there was nothing to indicate that the jury was swayed by passion, ignorance, partiality or corruption." *.Burns* v. *Metropoli-*

*tan Distributors*, 130 Conn. 226, 228, 33 A.2d 131. The trial court's decision in refusing to set aside the verdict is entitled to great weight. *Olsen* v. *Genalsky*, 121 Conn. 340, 343, 184 A. 876. The court did not err in denying the defendants' motion.

There is no error.

In this opinion, MALTBIE, C. J., and DICKENSON, J., concurred.

JENNINGS, J. I dissent. In my opinion the only reasonable conclusion to be drawn from the evidence is that Gordon's negligence was the sole proximate cause of the injuries. I think the verdict against the Connecticut Railway and Lighting Company should have been set aside on that ground.

In this opinion, ELLS, J., concurred.