JANE NOEBEL *v.* THE HOUSING AUTHORITY OF THE CITY OF NEW HAVEN ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and SHEA, Js.

198

Argued January 6—decided February 17, 1959

*Kevin T. Gormley,* with whom, on the brief, was *Martin E. Gormley,* for the appellants (defendants).

*Jerrold H. Barnett,* with whom was *Bernard P. Kopkind,* for the appellee (plaintiff).

BALDWIN, J. The defendants have appealed from a judgment for the plaintiff entered upon a jury's verdict. They assign error in the denial of their motions to set aside the verdict and for judgment notwithstanding the verdict, in the charge and in rulings on evidence.

The jury could have found the following facts from the evidence, viewed in the light most favorable to the plaintiff. The defendant housing authority maintained a housing development in which the plaintiff was a tenant. The defendant Carl W. An-

dersen was the acting manager of the development, which consisted of a number of buildings, each containing apartments placed side by side throughout its length. Two of the buildings which were parallel to one another faced in opposite directions, and the rear entrances to the apartments in each opened upon a common area between the buildings. This area was under the control of the housing authority. From a common center walk, walks extended to the rear entrances of the apartments. The authority permitted the tenants, if they desired to do so, to inclose with a fence the portion of the area adjacent to their respective apartments so that each might have a rear yard. The authority provided specifications for the construction of permanent fences and also permitted tenants to inclose their areas with temporary fencing. The plaintiff lived with her family in an apartment at the end of one of the buildings. Another tenant, Donald Perry, occupied the end apartment directly opposite in the other building. Perry had driven wooden stakes in the ground along each side of the walk from his rear entrance to the center walk, and along the side of the center walk nearest to his apartment for some distance beyond the end of the building. He had strung a wire covered with white rubber along the tops of these stakes to inclose the area in the rear of his apartment and had planted it with grass seed.

On November 16, 1953, about 4:30 in the afternoon, the plaintiff was having coffee with a neighbor in the apartment next to hers when a child came in, very excited, and told the plaintiff that some older boys were "beating up" her son in the woods. The woods referred to were in front of the building in which Perry's apartment was located. The plaintiff, greatly agitated, ran from the rear entrance of her

neighbor's apartment across to the walk leading to the rear entrance of the Perry apartment and up that walk in order to pass around the end of the building. When part way up, she attempted to jump over Perry's fence, caught her foot in the wire, and fell, injuring herself. Perry had erected the fence more than a year before, and the plaintiff knew that it was there. Although it was dusk, she nevertheless could and did see it. In her haste, however, to come to her son's help, she tried to jump over it. Andersen had seen the fence several times before the plaintiff was injured, but he had done nothing to have it removed.

The complaint was in two counts. The first count purported to allege a cause of action for negligence, and the second, for the maintenance of a nuisance. In the first count, the plaintiff charged in substance that the defendants were negligent in that they had constructed and maintained, or knowingly had permitted to be constructed and maintained, a wire rope barrier along a common passageway on the housing authority premises, a barrier which the defendants knew or should have known was dangerous to the plaintiff and other tenants, and that it caused the plaintiff's fall. It is, of course, the duty of a landlord to use reasonable care to keep in a reasonably safe condition the parts of the premises over which he reserves control. *Torre* v. *DeRenzo,* 143 Conn. 302, 305, 122 A.2d 25; *Tenney* v. *Pleasant Realty Corporation,* 136 Conn. 325, 329, 70 A.2d 138. The burden was on the plaintiff to prove a breach of this duty by the defendants in order to establish a basis for her recovery. The ultimate test of the duty is to be found in the reasonable foreseeability of harm resulting from a failure to exercise reasonable care to keep the premises reasonably safe. *Hassett* v.

*Palmer,* 126 Conn. 468, 473, 12 A.2d 646; *Botticelli* v. *Winters,* 125 Conn. 537, 542, 7 A.2d 443. This does not mean foreseeability of any harm whatsoever or foreseeability that the particular injury which resulted would occur. The test is: Would the ordinarily prudent man in the position of the defendants, knowing what they knew or should have known, anticipate that harm of the general nature of that suffered was likely to result? *Orlo* v. *Connecticut Co.,* 128 Conn. 231, 237, 21 A.2d 402; *Figlar* v. *Gordon,* 133 Conn. 577, 580, 53 A.2d 645; 2 Harper & James, Torts, § 18.2. This test has been applied by this court to a variety of factual situations. *Wolfe* v. *Rehbein,* 123 Conn. 110, 114, 193 A. 608; *Botticelli* v. *Winters,* supra; *Hassett* v. *Palmer,* supra; *Przwgocki* v. *Wikris,* 130 Conn. 419, 422, 34 A.2d 879; *Balaas* v. *Hartford,* 126 Conn. 510, 514, 12 A.2d 765; *Goldberger* v. *David Roberts Corporation,* 139 Conn. 629, 632, 96 A.2d 309; *Borsoi* v. *Sparico,* 141 Conn. 366, 369, 106 A.2d 170.

The plaintiff was well aware of the wire barrier. She had observed it many times. Though it was getting dark, she saw the barrier before she attempted to jump over it. Nevertheless, she ran down the walk from her neighbor's apartment and up the walk leading to Perry's apartment, knowing that after doing so she would have to cross the barrier if she was to take the short cut around the end of the building. Instead of stepping over the barrier, she, in her haste, attempted to jump. This is not a case of the plaintiff's tripping over the barrier in the dark or otherwise falling over it in an attempt to cross the area which the barrier inclosed. Her act was deliberate. She misjudged the height of the barrier and her own ability to clear it. It is unreasonable as a matter of law to charge the defendants with antic-

ipation of the likelihood that if the barrier remained, someone in a hurry might try to jump over it, misjudge its height or his own agility, and fall. The crux of the matter is illustrated by a comparison of the cases of *Botticelli* v. *Winters,* supra, and *Wolfe* v. *Rehbein,* supra. In the *Botticelli* case, we reversed a judgment for the plaintiff. We pointed out (p. 541) that the defendant in *Wolfe* v. *Rehbein* knew that the plaintiff's decedent came on his property every day in the immediate vicinity of the pile of lumber which caused her death and that he should have realized that the lumber, in the condition in which it had been left, involved an unreasonable risk of serious bodily harm to children who could not be expected to discover or appreciate the danger. We held, in the *Botticelli* case, that a landlord would not be liable on mere proof that, though he knew children played about an open yard on his premises, he maintained an incinerator there and a child was burned owing to an intermeddler who without right set fire to the refuse in the incinerator. We said (p. 542): "In such a condition it would be difficult to see how the landowner could be charged with that reasonable anticipation of harm which lies at the root of liability in negligence in such a situation." See *Botticelli* v. *Winters,* 128 Conn. 210, 212, 21 A.2d 381. Due care does not require that one guard against eventualities which at best are too remote to be reasonably foreseeable. See *Palsgraf* v. *Long Island R. Co.,* 248 N.Y. 339, 345, 162 N.E. 99; *Marengo* v. *Roy,* 318 Mass. 719, 722, 63 N.E.2d 893.

The second count incorporates the allegations of negligence contained in the first count and alleges, in an additional paragraph, that they constituted a nuisance. This count adds nothing to the complaint. If the fence erected by Perry constituted a nuisance,

it was a nuisance which arose out of the alleged negligence of the defendants in allowing Perry to erect and maintain it. The same considerations affecting negligence apply to a nuisance arising out of negligence. See *Przwgocki* v. *Wikris,* 130 Conn. 419, 422, 34 A.2d 879; *Balaas* v. *Hartford,* 126 Conn. 510, 514, 12 A.2d 765; 1 Harper & James, Torts, p. 65. For example, contributory negligence is a defense to an action based upon a nuisance arising from negligence. *Carabetta* v. *Meriden,* 145 Conn. 338, 340, 142 A.2d 727. Furthermore, an essential element of a nuisance is a natural tendency of the act or thing complained of to create danger and inflict injury upon person or property. *Hoffman* v. *Bristol,* 113 Conn. 386, 389, 155 A. 499; *Carabetta* v. *Meriden,* supra, 339. It can hardly be said that a fence constitutes a nuisance to one who attempts to jump over it and in so doing misjudges its height and his own ability to clear it.

The view which we have taken makes it unnecessary to consider the other claims of error.

There is error, the judgment is set aside and the case is remanded with direction to grant the defendants' motion for judgment notwithstanding the verdict.

In this opinion the other judges concurred.