**Ruth GUNNISON et al., Appellants,**

v.

**Marlene Joy TORREY and Thomas Alvin Torrey, Appellees.**

**No. 55682.**

Supreme Court of Iowa.

March 27, 1974.

**362**

Donohue & Brooks, West Union, for appellants.

E. H. Wadsworth, Cedar Rapids, for appellees.

Heard before MOORE, C. J., and MASON, RAWLINGS, REES and McCORMICK, JJ.

MASON, Justice.

This is a law action arising from an automobile collision which occurred on a two-lane highway between Center Point and Cedar Rapids in Linn County. Plaintiffs are the driver and three occupants of a southbound vehicle which was struck by a northbound vehicle owned by defendant, Thomas Alvin Torrey, and being operated by his wife, Marlene Joy, the other defendant.

The factual background leading to the collision occurred the forenoon of April 13, 1968, as Norman Gunnison was driving south on highway 150 in his DeSoto automobile accompanied by his wife Ruth, his daughter Sara Smith and son-in-law Jeffrey. He was being followed by a Gaffney car which in turn was followed by a Wieland automobile. Shortly after passing the crest of a hill approximately six miles north of Hiawatha, Iowa, Gunnison observed the Torrey car approaching from the south. When Gunnison first observed the Torrey car it was near a farm driveway approximately 1000 feet south, just beyond a curve in the highway.

After the Torrey car traversed the curve, had passed a farm driveway on the east and had traveled a short distance on the straightaway Mrs. Torrey first observed the oncoming traffic from the north. At that time the Wieland car was in the east or passing lane abreast the Gaffney car with the Gunnison car in front as all proceeded toward Mrs. Torrey. In order to avoid what appeared to be a certain head-on collision Mrs. Torrey slowed down and turned her car to the right, driving with both right wheels on the shoulder. She continued driving on the shoulder in this manner until she struck a spillway post. After hitting the post the Torrey car veered off to the left into the southbound lane in front of the Gunnison car. Both cars came to rest in the west ditch.

Other than a variance in distances between the cars or landmarks at various

times there is not much dispute as to the foregoing facts.

However, there is a conflict in the evidence as to how long Wieland stayed in the east or passing lane after passing the Gaffney car. The Wieland driver testified that after he completed passing the Gaffney car, he turned back into the right or west lane of travel before the impact between the Gunnison car and the Torrey vehicle occurred. Wieland testified that after that impact he pulled his car to the left around the accident and stopped about 100 feet south.

The driver of the Gaffney car gives a different version. She described following the Gunnison car and Wieland's passing her as all three proceeded south after coming over the crest of the hill. Miss Gaffney observed the Torrey car approaching from the south as Wieland was in the act of passing the Gaffney car. She maintains Wieland never returned to the right lane after passing her but continued in the east or passing lane until he had passed the cars that had collided.

In any event there was no contact between the Gaffney car or the Wieland car with the other cars at any time.

Plaintiffs joined in a single action in asserting their individual claims against defendant. Rule 23, Rules of Civil Procedure. Each plaintiff in a separate division of the petition alleged the identical specifications of negligence as *the* proximate cause of the collision and damages. Their individual claims as to damages sustained varied. Defendants in answer admitted the first two paragraphs which described the course of travel of the Gunnison vehicle and the Torrey vehicle prior to impact and denied all other paragraphs of each division of the petition. They asserted no affirmative defenses.

The matter proceeded to trial. In its instructions dealing with the individual claims of the four plaintiffs the court submitted the question of defendants' negligence in one or more of the following respects as a proximate cause of plaintiffs' injuries and damages: (1) failure to have her car under control; (2) failure to maintain a proper lookout; and (3) failure to yield one-half of the traveled way by turning to the right when meeting plaintiff on said public highway in violation of the law of Iowa (section 321.298, The Code). These were three of the four specifications alleged.

Plaintiffs appeal from judgment rendered on an adverse jury verdict contending the court erred in refusing to give plaintiffs' requested instruction dealing with concurrent negligence.

■ I. Plaintiffs timely and properly requested the court to instruct the jury in accordance with Iowa Uniform Jury Instruction 2.8 bearing on concurrent negligence with the last paragraph of the Iowa Uniform Jury Instruction to be tailored as suggested in the request to the facts of the case. Plaintiffs excepted to the court's failure to give the requested instruction. In motion for new trial plaintiffs again raised the question of the court's refusal to give the requested instruction. They thus preserved a record for review in this court. Rule 196, R.C.P.

It is plaintiffs' position, as we understand in light of their requested instruction, that the jury should have been permitted under this record to determine whether defendants' negligent conduct in one or more of the respects submitted concurred or combined with Wieland's negligence in one or more of the particulars set out later to cause plaintiffs' damages and injuries.

Plaintiffs argue the evidence clearly raises an inference that Wieland was negligent in the following respects: (1) in passing when it could not be safely accomplished because of oncoming traffic; (2) in failing to have control of his car; (3) in failing to maintain a proper lookout; and (4) in failing to give one-half of the

traveled way to Mrs. Torrey by turning to the right when meeting her.

The sufficiency of the evidence to warrant submission of a pleaded or properly litigated issue to the jury is determined by giving the evidence the most favorable construction it will reasonably bear in favor of the party urging submission. Collegiate Mfg. Co. v. McDowell's Agency, Inc., 200 N.W.2d 854, 858 (Iowa 1972). Sudden emergency need not be pleaded to be submissible. Baker v. Wolfe, 164 N. W.2d 835, 839 (Iowa 1969).

Plaintiffs stress the fact that since there was no issue as to the negligence of Mrs. Torrey in the respects alleged and submitted to the jury, the only issue generated by the evidence was the movement of the vehicles following the Gunnison car, specifically, the passing by Wieland of the Gaffney car which was the vehicle directly behind the Gunnison vehicle when the three cars came over the crest of the hill just north of the scene of impact.

Mrs. Torrey claimed the passing by the Wieland car is what caused the sudden emergency not of her own making.

As stated, there was a conflict in the evidence as to the location of the Wieland vehicle at the time of impact. Plaintiffs offered evidence through Wieland's testimony that Wieland safely completed his pass of the Gaffney vehicle, returned to the west lane and was following the Gunnison vehicle when the collision occurred. On the other hand, defendants offered evidence through Miss Gaffney that Wieland was along side the Gaffney car when Mrs. Torrey drove off onto the east shoulder and that Wieland was still in the east lane when the collision occurred in the west lane.

In many decisions since Frederick v. Goff, 251 Iowa 290, 298, 100 N.W.2d 624, 629, this court has quoted with approval this from Restatement, Second, Torts, section 431:

"The actor's negligent conduct is a legal cause of harm to another if (a) his conduct is a substantial factor in bringing about the harm, and (b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm."

" * * * Nor will the fact that some other cause operates with the defendant's negligence to produce the injury relieve defendant if the injurious result is traceable in some material degree to his want of due care." Swaim v. Chicago, R. I. & P. R. Co., 187 Iowa 466, 471, 174 N.W. 384, 386 (cert. den., 252 U.S. 577, 40 S.Ct. 344, 64 L.Ed. 725).

Of course, there may be more than one proximate cause of an accident or injury. Furthermore, proximate negligence need not be the sole cause of an injury. Concurrent negligence may be a proximate cause. Adams v. Deur, 173 N.W.2d 100, 111 (Iowa 1969) and Andrews v. Struble, 178 N.W.2d 391, 398 (Iowa 1970).

Stated somewhat differently, " * * * each person whose negligence concurs or combines with that of another to cause injury to a third party is liable to the injured person, it being immaterial which of the negligent parties was the more negligent or whose negligence contributed most to the accident. Law v. Hemmingsen, 249 Iowa 820, 826, 89 N.W. 2d 386." Adams v. Deur, 173 N.W.2d at 111.

Defendants seek to support the trial court's failure to instruct on concurring negligence by contending that where the defense of sudden emergency as a legal excuse is advanced as it was here the question of concurrent negligence is not involved. We are not convinced under this record defendants' position is tenable.

One specification of negligence submitted in the court's instructions was that regarding Mrs. Torrey's failure to yield one-half of the traveled way by turning to the right when meeting plaintiffs' vehicle

on the highway as required by section 321.-298, The Code.

This court has held a violation of this statute is only prima facie or presumptive evidence of negligence which may be justified by evidence the motorist was in the exercise of reasonable care under the circumstances. Wagaman v. Ryan, 258 Iowa 1352, 1359, 142 N.W.2d 413, 417. Prima facie evidence is rebuttable. Yost v. Miner, 163 N.W.2d 557, 564 (Iowa 1968).

In Schmitt v. Jenkins Truck Lines, Inc., 170 N.W.2d 632, 644 (Iowa 1969), in a portion of the opinion concurred in by all justices participating it is said:

"Where violation of section 321.298 is alleged as a specification of negligence and there is substantial evidence as to existence of an emergency, giving an instruction on sudden emergency is proper not as an excuse for violation of the statute but as one of the circumstances to be considered by the jury in determining whether the party seeking to invoke the doctrine was in the exercise of reasonable care under the circumstances notwithstanding such noncompliance."

■ One who seeks to avoid the consequence of his conduct by showing justification for acts which would otherwise be considered negligent has the burden to prove by a preponderance of the evidence not only that fact but also the fact it was not created by his own act. Rice v. McDonald, 258 Iowa 372, 380, 138 N.W.2d 889, 893; Gibbs v. Wilmeth, 261 Iowa 1015, 1020, 157 N.W.2d 93, 96; and Bangs v. Keifer, 174 N.W.2d 372, 374 (Iowa 1970).

■ It is seldom proper, in the absence of an admission, for the court to instruct the jury that a party with the burden of proof has established his claim as a matter of law. Hedges v. Conder, 166 N.W.2d 844, 854 (Iowa 1969); Schmitt v. Jenkins Truck Lines, Inc., 170 N.W.2d at 642; and Greenwell v. Meredith Corporation, 189

N.W.2d 901, 907 (Iowa 1971), and authorities cited in these opinions.

To adopt defendants' contention it would be necessary to hold defendants had established a sudden emergency as a matter of law. This would not be proper in view of Wieland's testimony that he had returned to the proper lane after passing the Gaffney car.

■ We conclude the jury should have been instructed that in the event it rejected defendants' explanation of Mrs. Torrey's presence in the wrong lane then it should consider the question of her negligence concurring with the negligence of Wieland in bringing about the collision.

It necessarily follows that a proper instruction dealing with the question of concurrent negligence should have been submitted. The trial court's error in failing to give such an instruction requires a reversal.

■ In another effort to save their verdict defendants argue the jury was properly advised defendants' negligence, if any, did not need to be the *only* proximate cause. In instruction 12, subparagraph 2, the jury was told that to entitle plaintiffs to recover it was necessary for them to establish by a preponderance of the evidence the negligence of the defendants, if any, in one or more of the particulars submitted was *a* proximate cause of the accident. Defendants argue that by the use of the article *a* the court's charge might well have been reasonably understood as requiring a verdict for plaintiffs if the jury found concurrent negligence. We agree plaintiffs would have been better advised to have alleged defendants' negligence in the respects specified was *a* proximate cause of the collision and damages rather than employing the article *the* as they did. See Restatement, Second, Torts, section 430, comment d. However, we doubt the distinction suggested for proper pleading would mean much to a jury of laymen in

applying the law as given in the court's instruction to the facts.

The argument is without merit.

In reaching our conclusion we have considered each of the contentions urged by ·the parties in support of their respective positions whether particularly referred to in this opinion or not.

The case is therefore—reversed and remanded.