HILARY E. DUGGAN ET AL. *v.* WILLIAM T. ESPOSITO ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued March 7—decision released June 26, 1979

*Joel J. Rottner,* with whom, on the brief, was *Joseph F. Skelley, Jr.,* for the appellants (named defendant et al.).

*Herbert Watstein,* with whom, on the brief, was *Julius Watstein,* for the appellees (plaintiffs).

COTTER, C. J.   On October 23, 1971, the defendants William T. Esposito, Domenic Esperti, and the Premiere Plumbing and Heating Company, subcontractors, were on the premises at 360 Sycamore Lane, Cheshire, for the purpose of installing plumbing for a heating system on property owned by Barnett Development Corporation.   They parked their pickup truck on the site in the driveway which led into the house.   On the day in question, racks on the driver's side of the defendants' truck contained six twenty-foot-long copper pipes which extended twelve inches out from the side of the truck, were twelve inches high and located about three feet from the ground.   Although a red flag was tied onto the rear of the pipes as a warning while the truck was being driven on the highway, the flag was removed when the truck was parked in the driveway.

The named plaintiff, a child of eight at the time, was seriously injured while playing with her brother when she ran into the protruding pipes as she proceeded up the driveway where the defendants' truck was parked.   The jury returned a verdict for the defendant Barnett Development Corporation and for the plaintiffs as against the remaining

defendants, which defendants appealed, claiming error in the portion of the trial court's charge to the jury regarding their duty of care owed to the minor plaintiff.

The defendants claim: (1) the court erred in instructing the jury that the law concerning the liability of a possessor of land to trespassing children was applicable to the defendants; and (2) even if that law was applicable to them, the charge as given was an incorrect statement of the law.

In *Kline* v. *New York, N.H. & H. R. Co.*, 160 Conn. 187, 191, 276 A.2d 890; *Greene* v. *DiFazio*, 148 Conn. 419, 171 A.2d 411; and *Wolfe* v. *Rehbein*, 123 Conn. 110, 193 A. 608, we approved the rule stated in the Restatement, 2 Torts § 339, with respect to the liability of the possessor of property for physical harm to children. Presently, the rule provides: "A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if (a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and (b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and (d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and (e) the possessor fails to exercise reasonable care to eliminate the

danger or otherwise to protect the children." Restatement (Second), 2 Torts § 339. The defendants contend that, as subcontractors doing work on the premises, they are not held to the same standard of care as possessors under § 339. We cannot agree.

In *Greene* v. *DiFazio,* supra, the plaintiff's decedent, a nine year old boy, fell from the second story into the cellar of a house being constructed in a housing project by the defendants for the Seymour housing authority. In that case we held that where a defendant knows or should know that children are in the habit of trespassing on a part of the property on which the defendant maintains a condition which would confront the children and which is likely to be dangerous to them, he may be held liable for harm resulting to them from that condition. Id. 422–24. In the present case, the defendants, doing work with the consent and approval of the Barnett Development Corporation, had control of the instrumentality causing the injury during the performance of their contract. See *Lewis* v. *I. M. Shapiro Co., Inc.,* 132 Conn. 342, 346, 44 A.2d 124.

Section 384 of the Restatement (Second), 2 Torts, states that "[o]ne who on behalf of the possessor of land erects a structure or *creates any other condition on the land* is subject to the same liability, and enjoys the same freedom from liability, as though he were the possessor of the land, for physical harm caused to others upon and outside of the land by the dangerous character of the structure or other condition while the work is in his charge." (Emphasis added.) Accord, *Coggins* v. *Hanchette,* 52 Cal. 2d 67, 74, 338 P.2d 379; *Dishington* v. *A. W. Kuettel & Sons, Inc.,* 255 Minn. 325, 329–30, 96

N.W.2d 684; see *Greene* v. *DiFazio,* supra. This is consistent with our view expressed in *McPheters* v. *Loomis,* 125 Conn. 526, 533, 7 A.2d 437, that one upon land under a grant or license from the owner is subject to the same rules of liability which define the duty of the landowner. Under this principle, those, like the defendants, who create a condition on the land on behalf of the possessor generally owe no duty of care to any trespasser to safeguard him from injury due to conditions for which they are responsible. *McPheters* v. *Loomis,* supra, 531; *Wilmot* v. *McPadden,* 79 Conn. 367, 375, 65 A. 157. On the other hand, once those who create a condition upon the land on behalf of the possessor know or should know that children are likely to trespass upon that part of the land on which they maintain a condition which is likely to be dangerous to them, they may, like the owner, be liable for harm resulting to them therefrom. *McPheters* v. *Loomis,* supra, 531–33; *Wolfe* v. *Rehbein,* 123 Conn. 110, 113, 193 A. 608.

In the alternative, the defendants argue that, even if their liability was properly explained to the jury as being virtually coextensive with that imposed upon an owner of property, the court's charge was nonetheless erroneous since it constituted an incorrect statement of the relevant legal principles.

We have consistently stated that we will not consider claims of error directed at the charge to the jury in the absence of written requests to charge on the matter in issue or objections to the charge taken immediately after its delivery and distinctly stating the matter objected to and the ground of the objection. Practice Book, 1978, § 315; *Thomas* v. *Katz,* 171 Conn. 412, 413, 370 A.2d 978; *Cicero* v.

*E.B.K., Inc.,* 166 Conn. 490, 493, 352 A.2d 309. That procedure is required in order to ensure that the trial court has an opportunity to cure any defects or ambiguities in the charge and thus avoid the necessity for a new trial. *Thomas* v. *Katz,* supra, 414; *Tough* v. *Ives,* 162 Conn. 274, 286, 294 A.2d 67; *Prystash* v. *Best Medium Publishing Co.,* 157 Conn. 507, 512, 254 A.2d 872.

In the present case, the only request to charge which the defendants have directed us to on appeal is one in which they requested the trial court not to charge as to the duty owed to a trespassing child as set forth in § 339 of the Restatement of Torts and adopted in *Wolfe* v. *Rehbein,* supra, and approved in *Kline* v. *New York, N.H. & H. R. Co.,* 160 Conn. 187, 276 A.2d 890, because the requisite elements of that rule were not supported by the evidence adduced at trial. Following that portion of the charge relating to the standard of care owed by the defendants to the minor plaintiff, the defendants took a timely exception, again claiming that the principle of liability enunciated in *Wolfe* v. *Rehbein,* supra, was inapplicable to these defendants.[1] In response to a juror's question regarding the responsibilities of a landowner, the court further instructed the jury and the defendants again took exception, apparently upon the basis of the same argument noted above.[2] Under these circumstances,

---

[1] "Mr. [Edward S.] Ludorf: Yes, your Honor. I take exception to your Honor charging as to the *Wolfe* and *Rehbein* situation being applicable as to the defendants Premiere, Esposito and Esperti."

[2] "Mr. Ludorf: If I may take an exception to your Honor's recharging, I think we're trying to implant to this jury that a trespassing child has more rights than a person who has a right to be there. I think your Honor is trying to charge them on the *Rehbein* theory as to knowledge of trespassing child, but I think the original proposition is stated in *Rehbein,* too, as a general proposi-

we cannot say that the trial court was adequately apprised of a claim of error by the defendants as to the content, as opposed to the applicability, of the portion of the charge in question.

Moreover, even if we were to construe the defendants' exception to the supplemental charge as raising a claim of error as to the correctness of the legal principles enunciated, the only cognizable issue advanced would seem to be that the defendants who have appealed owed no duty to a trespassing child to safeguard her from injury.[3] As we have noted earlier, this general proposition, as far as it goes, is undoubtedly a correct statement of the law. See *McPheters* v. *Loomis,* supra. The charge given in the present case, however, specifically contained instructions that only if the jury found that the defendants had actual or constructive notice of trespassing children in the area[4] were they bound to "exercise that degree of care that a reasonably prudent person would exercise under similar circumstances in dealing with the possibility of a child of the plaintiff's age being on the prop-

---

tion. The owner of property owes no duty to a licensee or trespasser, whether infant or adult, to keep in safe condition. He is not ordinarily bound to anticipate, provide for trespassers, since he may properly assume they will not ordinarily be there, when he knows or should have known that children are likely to trespass on part of his land upon which he maintains a condition, and it's that condition that is likely to cause harm that a child of tender years would not ordinarily expect. I think you still have to go into explaining that condition also, and the mere fact that a trespassing child, we are just going out and saying we owe all these duties to trespassing children to keep away from hazardous conditions. We owe no duty."

[3] See footnote 2, supra.

[4] There was testimony in the present case by the defendant Domenic Esperti that on the morning in question he saw children playing around the truck and twice asked a boy and a girl to leave the area.

erty." The court, therefore, did not incorrectly instruct the jury as to the duty of care owed by these defendants to a known trespassing child.

There is no error.

In this opinion the other judges concurred.