**SEAWAY CANDY, INC., a corporation, Appellee,**

**v.**

**CEDAR RAPIDS YMCA a/k/a Young Men's Christian Association of Cedar Rapids, Appellant.**

**No. 62317.**

Supreme Court of Iowa.

Sept. 19, 1979.

John J. Shea and Kevin P. Shea, Cedar Rapids, for appellant.

Robert C. Andres and Joseph N. Nutting of Fulton, Frerichs & Nutting, Waterloo, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, REES, McCORMICK, and McGIVERIN, JJ.

LeGRAND, Justice.

This case arises out of an ill-fated candy sale by which the Cedar Rapids YMCA expected to raise money to send boys to camp. Trial to the court resulted in the judgment for Seaway Candy, Inc. (hereafter called Seaway) in the amount of $6,192.00. Defendant appeals, and we affirm.

The facts are simple and virtually without dispute. The YMCA bought cases of candy from Seaway under an agreement by which any unused portion could be returned. The campaign was less than successful and 688 cases remained unsold. They were returned to Seaway by truck. When delivered to the common carrier, the candy was in good condition. When it arrived at Seaway some four days later, it had melted and was completely worthless.

**316**

The judgment was for the value of the spoiled candy. The question is whether buyer or seller under these circumstances bears the risk of loss.

The parties agree the case is controlled by the Uniform Commercial Code, particularly § 554.2327(2), The Code 1975, which provides in part as follows:

2. Under a sale or return unless otherwise agreed

(a.) the option to return extends to the whole or any commercial unit of the goods while in substantially their original condition, but must be exercised seasonably; and

(b.) the return is at the buyer's risk and expense.

YMCA argues the language "unless otherwise agreed" as used in the statute includes not only a specific agreement but also anything which would come within the definition of an agreement in section 554.-1201(3), The Code 1975, which we here set out:

"Agreement" means the bargain of the parties in fact as found in their language or by implication from other circumstances including course of dealing or usage of trade or course of performance as provided in this chapter (sections 554.1205 and 554.2208). . . .

■ Using this as a premise, YMCA argues the trial court erred in finding it liable on the ground there was "no evidence of any specific agreement or understanding" to the contrary. YMCA insists it did not have to show a *specific* agreement, but only circumstances which would bring it within the definition last set out.

YMCA's argument is correct, but it does not apply here. We have searched the record in vain for any evidence to support the theory now advanced. There is none. There was therefore no reason for the trial court to consider the effect of section 554.-1201(3).

■ In the present case YMCA asserted only that Seaway assumed all risk of loss and that it was required to do nothing except return the unsold candy, usable or not. The trial court held against YMCA on this defense, and there was ample evidence to support that conclusion.

Cases are decided on the issues raised and the evidence presented. In *Mora v. Savereid*, 222 N.W.2d 417 (Iowa 1974), discussing the rule for submitting issues to a jury, we said:

All issues which are pled and for which there is substantial support in the evidence must be submitted. It is error not to do so, just as it is error to submit those which do not conform to both these conditions.

*Id.* at 419 (citations omitted).

■ The same rationale applies in this case tried to the court. Issues not pled or which have no substantial evidentiary support are entitled to no consideration.

The judgment of the trial court is affirmed.

AFFIRMED.