**Tom D. DUDLEY and Dixie Lea Dudley, Appellees,**

v.

**William H. ELLIS, Appellant.**

**No. 90–1881.**

Supreme Court of Iowa.

June 17, 1992.

Rehearing Denied July 29, 1992.

---

Robert G. Allbee and Michael J. Eason of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, P.C., Des Moines, and Jack W. Rogers, West Des Moines, for appellant.

Lex Hawkins, Glenn L. Norris, and Carla T. Schemmel of Hawkins & Norris, Des Moines, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ and CARTER, JJ.

LARSON, Justice.

Tom Dudley, an employee of Iowa Power, sued several coemployees for injuries sustained in an electrical explosion. Dudley's wife, Dixie, sued for her loss of consortium. We will refer to the plaintiffs simply as Dudley. A jury returned a substantial verdict for the plaintiff against one coemployee, William H. Ellis, who appealed to this court. We reverse.

Several employees were working on an underground electrical vault in a downtown Des Moines building to repair damage from an earlier fire. As a part of the repair plan, Ellis (a journeyman cable splicer) was to touch a 120–volt wire to a "network protector" or switch with enclosed circuit breaker, which would permit Dudley to simultaneously open a switch on a high voltage transformer. According to the plan, Ellis was to make contact with a 120–volt line, and Dudley was to open the switch on the high voltage transformer.

Considerable testimony was received at the trial as to the chain of events that followed, but it is clear that it was set in motion by Ellis's premature activation of the 120–volt wire. "Fail-proof" protection devices failed, insulation at several points broke down, and an electrical explosion occurred that injured several workers, one fatally.

Dudley, severely and permanently injured, received workers' compensation benefits. He also sued several coemployees, including Ellis. The district court granted directed verdicts for all of the coemployees except Ellis. The jury returned a verdict against Ellis, assessing fifty-one percent of the fault to him and forty-nine percent to Dudley. The court entered judgment accordingly.

Iowa Code section 85.20 (1989), prohibiting suits against employers and restricting suits against coemployees, provides:

> The rights and remedies provided in this chapter, chapter 85A or chapter 85B for an employee on account of injury, occupational disease or occupational hearing loss for which benefits under this chapter, chapter 85A or chapter 85B are recoverable, shall be the exclusive and only rights and remedies of such employee, the employee's personal or legal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury, occupational disease, or occupational hearing loss against:
>
> 1. the employee's employer; or
> 2. any other employee of such employer, provided that such injury, occupational disease, or occupational hearing loss arises out of and in the course of such employment *and is not caused by the other employee's gross negligence amounting to such lack of care as to amount to wanton neglect for the safety of another.*

(Emphasis added.)

In *Thompson v. Bohlken,* 312 N.W.2d 501 (Iowa 1981), we discussed the apparent

impetus for the underlined language: our decision in *Craven v. Oggero*, 213 N.W.2d 678, 682 (Iowa 1973), which recognized coemployee suits based on simple negligence. *See Thompson*, 312 N.W.2d at 504.

■ If there is substantial evidence to support each of the elements of a plaintiff's claim, a motion for directed verdict or for judgment notwithstanding the verdict should be denied. In ruling on a motion for directed verdict, the trial court should first determine whether the plaintiff has presented substantial evidence on each element of the claim, and if a reasonable trier of fact could find for the plaintiff, the motion should be overruled. Conversely, if there is no substantial evidence in support of each element of the claim, a directed verdict or judgment notwithstanding the verdict should be granted. *Valadez v. City of Des Moines*, 324 N.W.2d 475, 477–78 (Iowa 1982).

■ Under the test of *Thompson*, section 85.20 requires proof of three elements: "(1) a knowledge of the peril to be apprehended; (2) knowledge that injury is a probable, as opposed to a possible, result of the danger; and (3) a conscious failure to avoid the peril." *Thompson*, 312 N.W.2d at 505. As we stated in *Woodruff Construction Co. v. Mains*,

[t]he usual meaning assigned to "willful," "wanton" or "reckless," according to taste as to the word used, is that the actor has intentionally done an act of an unreasonable character in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly *probable* that harm would follow.

406 N.W.2d 787, 790 (Iowa 1987) (quoting W. Prosser, *Law of Torts* § 34, at 185 (4th ed. 1971)). While we have said that gross negligence is merely a difference in degree as opposed to kind, when compared to simple negligence, adding the requirement of wantonness severely restricted the application of section 85.20. As we said in *Thompson*, wantonness "involves the combination of attitudes: a realization of imminent danger, coupled with a reckless disregard or lack of concern for the *probable*

consequences of the act." 312 N.W.2d at 505. *See also Swanson v. McGraw*, 447 N.W.2d 541, 543–45 (Iowa 1989).

Since *Thompson*, our cases have reflected the narrow scope of coemployee suits apparent in section 85.20. *See, e.g., Johnson v. Interstate Power Co.*, 481 N.W.2d 310, 321–22 (Iowa 1992) (no submissible issue of gross negligence); *Henrich v. Lorenz*, 448 N.W.2d 327, 332–34 (Iowa 1989) (reversing judgment for plaintiff on grounds insufficient evidence of gross negligence to submit to jury); *Eister v. Hahn*, 420 N.W.2d 443, 446 (Iowa 1988) (affirming directed verdict for defendant); *Woodruff*, 406 N.W.2d at 789–91 (reversing judgment for plaintiff; evidence of gross negligence insufficient to submit to jury); *Taylor v. Peck*, 382 N.W.2d 123, 126–27 (Iowa 1986) (affirmed judgment notwithstanding verdict for plaintiff; insufficient evidence to submit issue to jury). *But see Swanson*, 447 N.W.2d at 543–45 (held sufficient evidence to submit issue of gross negligence, based on advanced knowledge of coemployees of dangerous condition); *Larson v. Massey–Ferguson, Inc.*, 328 N.W.2d 343, 345–46 (Iowa App.1982) (held sufficient evidence presented to present issue to jury; coemployee had instructed crew to "put [their] weight on a rotating posthole digger").

■ Ellis asserts that the plaintiff here failed to produce substantial evidence on any of the three elements of *Thompson*, however, it is unnecessary for us to discuss two of the elements because we conclude there is no substantial evidence to support a finding of the second element of the *Thompson* test: "knowledge that injury is a probable, as opposed to possible, result of the danger." *Thompson*, 312 N.W.2d at 505.

As all parties agree, the work site in this case incorporated several "fail-safe" mechanisms, including extensive insulation on all wiring and attached apparatus. The experts disagreed on exactly how the accident happened, and they disagreed on the order in which the combination of factors resulted in the explosion. It is clear that the explosion was caused by a combination

of factors. To be sure, Ellis's negligence was one of them. But Dudley's own negligence (assessed by the jury at forty-nine percent), and the failure of several protective devices combined to cause the explosion.

There was also evidence that the same procedure had been followed many times before without incident. As Ellis notes, it can hardly be said that injury would appear to him to be the probable result of his actions in view of the fact that he was in the vault himself and was subjected to the same risk. *See Henrich,* 448 N.W.2d at 333.

While the plaintiff's injuries were severe, and the evidence could well support a finding of negligence on his part, we believe it was error for the trial court to submit the issue of gross negligence under section 85.-20.

Because of this disposition, it is not necessary for us to consider Ellis's additional argument concerning the court's instructions or the plaintiff's cross-appeal raising the issue of the district court's apportionment of negligence.

We reverse for dismissal of the petition.

REVERSED.