Maxine COLEMAN, Plaintiff–Appellee,

v.

Larry MONSON d/b/a Jewell Janitorial
Service, Defendant–Appellant.

No. 93–0844.

Court of Appeals of Iowa.

June 28, 1994.

Glenn Goodwin and Dawn R. Siebert of Findley, Alt, Smith, Scharnberg, May & Craig, P.C., Des Moines, for appellant.

Joel W. Bittner, Des Moines, for appellee.

Heard by HABHAB, P.J., CADY, J., and SCHLEGEL, Senior Judge.*

HABHAB, Presiding Judge.

Defendant Larry Monson, d/b/a Jewell Janitorial Service, appeals from the jury verdict finding him sixty percent at fault for Plaintiff Maxine Coleman's slip and fall injuries. He argues the district court erred by: (1) instructing on the duty owed an invitee, (2) failing to grant his motion for directed verdict, and (3) instructing the jury as to distractions. We reverse and remand for a new trial.

On September 24, 1989, plaintiff Maxine Coleman was injured while working at the Western Auto Store in Des Moines, after slipping on a wet floor being cleaned by the employees of Larry Monson. Plaintiff knew the floor was cleaned each Sunday night after hours. Also, on the day of the incident, she overheard her store manager telling another person there was water on the floor before she made her way to the break room. Plaintiff intended to walk down an aisle between tire racks but saw a floor-cleaning machine there. She then saw water on the next two aisles and decided to take the third aisle. While walking down this aisle she slipped on water and fell.

She sued Monson d/b/a Jewell Janitorial Service, under a negligence theory. She testified she was looking for water but was unable to see it on the shiny floor. The district court instructed on the duty owed an invitee. The court also instructed that defendant had a duty to warn of a known or obvious condition if the defendant had reason to expect a person to be distracted. Plaintiff argued the shiny floor was a distraction. The jury found defendant sixty percent at fault, plaintiff forty percent at fault, and total damages of $59,728.13. Defendant appeals. Our review is for correction of errors at law. Iowa R.App.P. 4.

## I. Duty of Cleaning Service.

Defendant claims the district court erred by instructing the jury the cleaning service owed plaintiff the standard of care owed to invitees. Defendant argues that since plaintiff was not on the premises at the express or implied invitation of the cleaning service and was not conducting business of interest to the cleaning service, plaintiff was not an invitee as to the cleaning service, but only a licensee.[1]

---

* Senior judge from the Iowa Court of Appeals serving by order of the Iowa Supreme Court.

1. Coleman claims Monson did not preserve error on this issue because he did not object to jury instruction No. 16, which stated the duty owed to invitees. Monson argues error was preserved because his motion for a directed verdict made it clear he was disputing Coleman's claim that she

■ Restatement (Second) of Torts section 383 (1965) defines the liability of persons acting on behalf of a possessor of land:

One who does an act or carries on an activity upon land on behalf of the possessor is subject to the same liability, and enjoys the same freedom from liability, for physical harm caused thereby to others upon and outside of the land as though he were the possessor of the land.

Comment a to this section provides in part:

The words "acting on behalf of the possessor" are used to indicate that the person in question is acting not only for the purposes of the possessor but also by his direction or consent and therefore by his authority. One acting on behalf of the possessor may do so as a servant or as an independent contractor.

*Id.; see also Konicek v. Loomis Bros., Inc.,* 457 N.W.2d 614, 617 (Iowa 1990) (quoting Restatement (Second) of Torts § 384 (1965)); *Duggan v. Esposito,* 178 Conn. 156, 422 A.2d 287, 289 (1979); *McKenzie v. Cost Bros., Inc.,* 409 A.2d 362, 364 (Pa.1979); *Marshbank v. Austin Bridge Co.,* 669 S.W.2d 129, 134 (Tex. App.1984); *Barnett v. Equality Sav. & Loan Ass'n, Inc.,* 662 S.W.2d 924, 927 (Mo.App. 1983); *Thomas v. Oil & Gas Bldg., Inc.,* 582 S.W.2d 873, 879 (Tex.Civ.App.1979).

■ A business invitee is one "who is invited to enter or remain on land for the purpose directly or indirectly connected with business dealings with the possessor of land." *Konicek v. Loomis Bros., Inc.,* 457 N.W.2d 614, 618 (Iowa 1990) (quoting Restatement § 332). A servant, whether an industrial employee or a domestic servant is a business invitee. Restatement § 332 com. j. (1965).

The district court correctly determined that plaintiff's status on the property was that of an invitee.

## II. *Motion for Directed Verdict.*

■ Defendant next claims the district court erred in refusing to grant his motion for a directed verdict. Defendant urges that

he owed no duty of care to a business invitee because the wet floor was open and obvious and plaintiff had actual knowledge of the danger.

■ A court ruling on a motion for directed verdict must view the evidence in the light most favorable to the nonmoving party. *Beitz v. Horak,* 271 N.W.2d 755, 757 (Iowa 1978); Iowa R.App.P. 14(f)(2). Movant is considered to have admitted the truth of all evidence offered by nonmovant and every favorable inference that may be deduced from it. *B & B Asphalt Co. v. T.S. McShane Co.,* 242 N.W.2d 279, 284 (Iowa 1976). To overrule the motion the court must find substantial evidence in support of each element of nonmovant's claim. *Beitz,* 271 N.W.2d at 757. If reasonable minds could differ, an issue is for the jury. *Harvey v. Palmer College of Chiropractic,* 363 N.W.2d 443, 444 (Iowa App.1984).

■ As discussed in division I, the defendant's duty to the plaintiff was the same as an occupier or possessor of land. The occupier of land is under a duty of reasonable care to keep the premises in a reasonably safe condition for business invitees. *Schnoor v. Deitchler,* 482 N.W.2d 913, 916–17 (Iowa 1992) (citation omitted). Our supreme court has acknowledged limitations on this rule, however, by stating:

The possessor of land, however, is not liable when the injuries sustained by the business invitee were caused by a known or obvious danger. The word known denotes "knowledge of the existence of the condition ... [as well as an] ... appreciation of the danger it involves." To appreciate the severity of the danger, the business invitee must recognize the condition as dangerous and understand "the probability and gravity of the threatened harm." An obvious danger "means that both the condition and the risk are apparent to and would be recognized by a" reasonably prudent person.

*Id.* at 917 (citations omitted).

*Schnoor* goes on to quote comment (e) to section 343A which states in part:

*Loomis Bros.,* 457 N.W.2d 614, 617 (Iowa 1990). Therefore, we examine whether Coleman was an invitee or a licensee.

was an invitee not a licensee. We find Monson's objection properly preserved the issue of whether there was sufficient evidence to support a verdict under the business invitee theory. *See Konicek v.*

In the ordinary case, an invitee who enters land is entitled to nothing more than knowledge of the conditions and dangers he will encounter if he comes. If he knows the actual conditions, and the activities carried on, and the dangers involved in either, he is free to make an intelligent choice as to whether the advantage to be gained is sufficient to justify him in incurring the risk by entering or remaining on the land. The possessor of the land may reasonably assume that he will protect himself by the exercise of ordinary care, or that he will voluntarily assume the risk of harm if he does not succeed in doing so. Reasonable care on the part of the possessor therefore does not ordinarily require precautions, or even warning, against dangers which are known to the visitor, or so obvious to him that he may be expected to discover them.

The duty a possessor of land owes to an invitee is dependent to a considerable extent on the possessor's superior knowledge on the condition of the land. *Simon's Feed Store, Inc. v. Leslein*, 478 N.W.2d 598, 601 (Iowa 1991).

Here, there is no dispute that the plaintiff knew there was water on the floor from defendant's cleaning. However, she did not know which aisles were wet. Plaintiff testified that the aisle where she fell looked clear to her, and that is why she chose that particular aisle. She testified she would not go down an aisle with water in it and that she made every attempt to make sure there was not water in the aisle she chose. Defendant's employees testified that an aisle was always kept dry so the Western Auto employees could get to the break room. However, both the plaintiff and the store manager testified that the defendant did not clean in any set pattern. The store manager also stated he had no knowledge of any path that was to be kept dry.

We believe plaintiff's evidence is sufficient to permit an inference the water in the aisle where she fell would not have been obvious to one exercising ordinary care. We also believe a jury could have found on the present record that defendant had superior knowledge of where the floor was wet and, in the exercise of reasonable care, should have warned the plaintiff of that fact. *See id.* We find the district court correctly found that it could not say that as a matter of law defendant had fully discharged his duty to plaintiff.

### III. *Distraction Instruction.*

Defendant next claims the district court erred by submitting instruction no. 17 to the jury over his objection.

To give a proposed instruction, the theory or cause must have been pleaded or properly litigated. *Gunnison v. Torrey*, 216 N.W.2d 361, 364 (Iowa 1974). The evidence must be sufficient to warrant submission to the jury. *Id.* The trial court must give the evidence the most favorable construction it will reasonably bear in favor of the party urging submission. *Id.*

All issues which are pled and for which there is substantial support in the evidence must be submitted. It is error not to do so, *just as it is error to submit those which do not conform to both these conditions.*

*Seaway Candy, Inc. v. Cedar Rapids YMCA*, 283 N.W.2d 315, 316 (Iowa 1979) (citing *Mora v. Savereid*, 222 N.W.2d 417, 419 (Iowa 1974)) (emphasis added).

Defendant specifically objects to the following portion of instruction no. 17:

Defendant was not required to warn of known or obvious conditions or to make such conditions reasonably safe unless Defendant, in the exercise of reasonable care, had reason to expect a person lawfully on the premises may be distracted so that he or she will not discover what is obvious.

Defendant argues the evidence did not support the submission of the distraction doctrine to the jury. Plaintiff claimed at trial and again on appeal that the shiny floor was the distraction.

The distraction doctrine is an exception to the general rule that a possessor of land is not liable to invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them. *See* Restatement § 343A.

Comment (f) of Restatement section 343A states in part:

> There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known and obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.

> Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, *where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it.* Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.

See also, *Konicek v. Loomis Bros., Inc.,* 457 N.W.2d 614, 618 (Iowa 1990); *Schnoor,* 482 N.W.2d at 917.

We agree with the defendant that the shiny floor was not a distraction. Plaintiff testified she was looking down and proceeding with caution when she fell. She also testified that if she had known there was water in the aisle where she fell, she would have taken a different one. We find the district court erred by submitting the distraction instruction to the jury.

Cost of this appeal assessed to appellee.

**REVERSED AND REMANDED FOR A NEW TRIAL.**

SCHLEGEL, Senior Judge (concurring in part and dissenting in part).

I concur in part and dissent in part. I would affirm.

I agree with the majority except I believe the trial court properly gave instruction No. 17.