Alan Ray CARR and Rachel W. Carr, A Minor, By Her Father and Next Friend, Alan Ray Carr, Plaintiffs–Appellants,

v.

SAN–TAN, INC., Louis McCormick and Julie Martin Kingery, Defendants–Appellees.

No. 94–671.

Court of Appeals of Iowa.

Nov. 27, 1995.

Randy V. Hefner of Van Werden, Hulse & Hefner, Adel, Martin E. Spellman & G. Michael Kealhofer of Spellman, Spellman, Spellman, Spellman, Kealhofer & Spellman, Perry, Brett I. Anderson, Des Moines, and Michael H. Figenshaw of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellants.

Roy M. Irish of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for appellees.

Considered by SACKETT, P.J., and HABHAB and CADY, JJ.

CADY, Judge.

Alan Ray Carr and Rachel W. Carr brought this suit seeking damages after Alan Carr suffered serious injuries while diving at a beach operated by defendants. The jury found Carr and defendants each fifty percent at fault. The district court granted San–Tan's motion for judgment notwithstanding the verdict. The Carrs appeal. We affirm the district court.

Louis McCormick and Julie Martin Kingery, doing business as San–Tan, Inc., leased property known as Clearwater Beach from Glen Petry. San–Tan collected a fee from people who wished to use the beach and operated a concession stand. It hired lifeguards who were present during business hours.

On June 29, 1991, Carr and a friend, Glen McAninch, went to Clearwater Beach. They swam in the lake and played frisbee. They testified they saw several people perform running dives into the water. In the afternoon, they decided to go back to Des Moines to collect another friend, Bob Oertwig, then go back to Clearwater Beach for a concert by the group Steppenwolf. By the time they arrived back at the beach, however, the concert had ended.

Carr and McAninch had left some belongings on the beach, and Carr asked a security guard if they could retrieve them. Carr testified the guard moved his head as if to say yes. The three men went down to the beach. As they started to leave, Carr suddenly turned and ran toward the water. He ran a short distance into the water, and then leapt forward to make a dive. Carr struck his head on the bottom and broke his neck. He is now a quadriplegic. After the accident Carr had a blood alcohol level of .230, well above the legal limit for intoxication.

Carr brought this suit on behalf of himself and his minor daughter, Rachel Carr, and against San–Tan, McCormick and Kingery. He claimed defendants were negligent in failing to warn customers not to dive or to have water-depth markers. He also sought damages for loss of parental consortium on behalf of Rachel. San–Tan raised the affirmative defense that Carr's injuries were proximately caused by his own negligence.

The case was tried to a jury. The jury found Carr fifty percent at fault and defendants fifty percent at fault. The jury awarded Carr $380,000 for future medical expenses, but did not award any other damages. San–Tan filed a motion for judgment notwithstanding the verdict and for new trial. Plaintiff filed a motion for new trial on the issue of damages only.

The district court granted defendants' motion for judgment notwithstanding the verdict. The court found the danger posed by shallow water was open and obvious. The court concluded San–Tan did not owe a duty to Carr to post signs warning him of shallow water or the risks of diving into shallow water. The court found San–Tan could not have anticipated Carr would dive into the water in a manner which would cause him to hit his head. The Carrs appealed.

■ I. In ruling on a motion for judgment notwithstanding the verdict, the court should first determine whether the plaintiff has presented substantial evidence on each element of the claim. *Dudley v. Ellis,* 486 N.W.2d 281, 283 (Iowa 1992). If there is not substantial evidence in support of each claim, judgment notwithstanding the verdict should be granted. *Id.* When considering such a motion, the district court must view the evidence in the light most favorable to the party against whom the motion is directed. *Federal Land Bank v. Woods,* 480 N.W.2d 61, 65 (Iowa 1992). In addition, such party is entitled to every reasonable inference from the evidence. *Id.* Finally, if reasonable minds could differ on the issue, it is proper to submit it to the jury. *Id.*

II. The Carrs contend the district court erred in sustaining San–Tan's motion for judgment notwithstanding the verdict. They believe the trial court misapplied the "open and obvious" rule by failing to consider whether San–Tan should have anticipated the harm even though the harmful condition may have been open and obvious. They also claim substantial evidence supported the finding of liability.

■ We first observe Carr was an invitee. A business invitee is one who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land. *Coleman v. Monson,* 522 N.W.2d 91, 93 (Iowa App.1994). As the district court did, we apply the law applicable to invitees.

■ Possessors of land have a duty to use ordinary care to keep their premises in a reasonably safe condition for business invitees. *Konicek v. Loomis Bros., Inc.,* 457

N.W.2d 614, 618 (Iowa 1990). This duty requires the possessor to use reasonable care to ascertain the actual condition of the premise, and make the area reasonably safe or to give a warning of the actual condition and risk involved. *Id.;* Restatement (Second) of Torts § 343A cmt. d (1964). Where the risks of harm are known or obvious, however, there is normally no duty to warn and the possessor is not liable for any injury sustained by an invitee. *Id.;* Restatement (Second) of Torts § 343A (1964).

The rationale for this no-duty rule is that actual knowledge of a danger is equivalent, and perhaps even superior, to a warning. *See Hanson v. Town & Country Shopping Center Inc.,* 259 Iowa 542, 546, 144 N.W.2d 870, 873 (1966). Nothing is gained by shifting responsibility to a possessor of land when the visitor is in just as good a position as the possessor to evaluate the danger. *See Laaperi v. Sears, Roebuck & Co.,* 787 F.2d 726, 730–31 (1st Cir.1986) (discussing duty of manufacturer of product). The legal responsibility to warn should serve to protect the visitor from harm, not expose possessors to liability for injuries from dangers which the visitor is capable of guarding against.

■ Courts determine the circumstances which give rise to a duty. *See Teunissen v. Orkin Exterminating Co.,* 484 N.W.2d 589, 591 (Iowa 1992). Thus, if the danger involved is known or obvious, the possessor of land is ordinarily entitled to judgment as a matter of law. In granting judgment notwithstanding the verdict in this case, the district court concluded the dangerous condition of shallow water was open and obvious as a matter of law.

■ The word "known" denotes "knowledge of the existence of the condition . . . [as well as an] . . . appreciation of the danger it involves." *Konicek,* 457 N.W.2d at 618; Restatement (Second) of Torts § 343A cmt. b (1964). An appreciation of the severity of the danger means the invitee must recognize the condition as dangerous and understand "the probability and gravity of the threatened harm." *Id.;* Restatement (Second) of Torts § 343A cmt. b (1964). The word "obvious" means "both the condition and risk are apparent to and would be recognized by a reasonable [person], in the position of the visitor, exercising ordinary perception, intelligence, and judgment." Restatement (Second) of Torts § 343A cmt. b (1964). *See Konicek,* 457 N.W.2d at 618.

■ Even when a danger is "known or obvious" a possessor's duty of care may still be triggered if the possessor should anticipate the harm despite such knowledge or obviousness. *Konicek,* 457 N.W.2d at 618; Restatement (Second) of Torts § 343A cmt. b (1964). Special circumstances which, despite the knowledge of an invitee or the obviousness of the danger, give rise to a duty include where the possessor may have reason to expect the invitees' attention may be distracted or where the invitee will proceed to encounter the danger because, to a reasonable person in the same position, the advantage of doing so would outweigh the apparent risk. *Id.;* Restatement (Second) of Torts § 343A cmt. f (1964).

The Carrs argue the serious risks associated with performing running dives into shallow water are not fully appreciated by reasonable persons. They also assert even if the dangers are known or obvious, San–Tan should have anticipated users of the beach would perform running dives despite the knowledge or obviousness of the danger. Expert testimony supported these claims. Testimony also indicated it was not uncommon for users of the beach to perform running dives.

■ It is important to recognize the "known or obvious" defense adopts a two prong analysis. The first prong focuses on actual knowledge and appreciation of the danger, while the second prong considers whether the condition and risk would be obvious to a reasonable person. The second prong does not include the requirement that a reasonable person would appreciate the gravity of the harm. *Griebler v. Doughboy Recreational, Inc.,* 160 Wis.2d 547, 466 N.W.2d 897, 901 (1991). The gravity of the harm requirement applies only to the definition of "known." *Id.* Thus, there is no legal support for the Carrs' claim that a duty of care was imposed because reasonable per-

sons do not fully appreciate the risks of performing running dives into shallow water.

 We conclude the danger of performing a running dive from a beach is obvious. The shallow water produced by a beach and the harm of diving into shallow water are matters which would be ascertainable by a reasonable person exercising ordinary perception, intelligence, and judgment. The fighting question, we believe, is whether the possessor nevertheless should anticipate the circumstances or conditions will cause harm.

We are reluctant to impose a duty on a possessor of land to warn of risks based on an activity which is obviously unreasonable. The special circumstances which give rise to liability even when a dangerous condition or activity is known or obvious deal with conduct of an invitee which is reasonable under the circumstances. As a matter of law, we conclude it is unreasonable to perform a head first dive into water while running from a beach. San–Tan did not have a duty to warn Carr under the circumstances.

We have considered all claims raised by the Carrs. The district court did not err by granting judgment notwithstanding the verdict.

**AFFIRMED.**