# IN THE COURT OF APPEALS OF IOWA

No. 20-0136
Filed September 23, 2020

**KEVIN LANCIAL,**
     Plaintiff-Appellant,

**vs.**

**CHARLES BURRELL and MATTHEW VAN DYKE,**
     Defendants-Appellees.
_____

     Appeal from the Iowa District Court for Polk County, Samantha Gronewald,

Judge.


     Kevin Lancial appeals from summary judgment granted for the defendants

in his gross negligence suit.  **AFFIRMED.**


     Matthew R. Denning and Christopher D. Spaulding of Spaulding & Shaull,

P.L.C., Des Moines, for appellant.

     John O. Haraldson, Des Moines, for appellee.


     Considered by Doyle, P.J., and Mullins and Greer, JJ.

**DOYLE, Presiding Judge.**

Kevin Lancial appeals from summary judgment granted for the defendants in his gross negligence suit. We affirm.

Lancial was a City of Des Moines employee working as a laborer in the Sewers Division when he was injured while using a hose attachment, called a Wand. The Wand was a half-inch four-foot long pipe. It was attached to a hose to create a high-pressure stream of water. When Lancial was cleaning out bridge scupper drains along the 9th Street viaduct, the Wand either exploded or became detached from the hose and struck Lancial in the head. Lancial brought a gross-negligence suit against co-employees Charles Burrell and Matthew Van Dyke. Burrell was Lancial's supervisor and Van Dyke was the City's Safety Consultant.

Burrell and Van Dyke moved for summary judgment claiming Lancial failed to state a claim upon which relief may be granted, as well as other defenses. Lancial resisted. After a hearing, the district court granted summary judgment for the defendants. Lancial appeals.

We review the district court's grant of summary judgment to correct legal error. Iowa R. App. P. 6.907; *Frontier Leasing Corp. v. Links Eng'g, LLC*, 781 N.W.2d 772, 775 (Iowa 2010). Under Iowa Rule of Civil Procedure 1.981(3), a party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." Like the district court, we view the record in the light most favorable to the party opposing summary judgment. *Hernandez v. Midwest Gas Co.,* 523 N.W.2d 300, 302 (Iowa Ct. App. 1994). We also afford

the opposing party every legitimate inference the record will bear. *Feld v. Borkowski*, 790 N.W.2d 72, 75 (Iowa 2010).

Generally, workers' compensation is the only remedy available for workplace injuries. But an exception to that rule exists when the injury is "caused by the other employee's gross negligence amounting to such lack of care as to amount to wanton neglect for the safety of another." Iowa Code § 85.20(2) (2017). To establish his co-employees were grossly negligent, Lancial must show the defendants had: "(1) knowledge of the peril to be apprehended; (2) knowledge that injury is a probable, as opposed to a possible, result of the danger; and (3) a conscious failure to avoid the peril." *Thompson v. Bohlken*, 312 N.W.2d 501, 505 (Iowa 1981). Allegations of gross negligence "carry a high burden of proof." *Johnson v. Interstate Power Co.*, 481 N.W.2d 310, 321 (Iowa 1992). So proving a case of gross negligence under section 85.20(2) is "difficult" at best. *Swanson v. McGraw*, 447 N.W.2d 541, 543 (Iowa 1989); *see Dudley v. Ellis,* 486 N.W.2d 281, 283 (Iowa 1992) (listing cases in which plaintiffs failed to present substantial evidence of gross negligence to submit to jury).

The district court found the first element, knowledge of the peril, was met because the two co-employees had knowledge there was possible peril to be met through the Wand based on a prior injury. We agree.

The court concluded the second element, knowledge that the injury was probable rather than possible, was not supported by the evidence presented. This second element is usually determinative because it is exceptionally difficult for plaintiffs to prove that a defendant had the requisite knowledge an injury was probable, rather than possible, under the circumstances. It requires "more than a

showing of the defendant's actual or constructive knowledge of the 'actuarial foreseeability' that accidents will happen." *Hernandez v. Midwest Gas Co.,* 523 N.W.2d 300, 305 (Iowa Ct. App. 1994). Rather, evidence must show the defendant "knew their actions would place their [co-employee] in imminent danger, so that someone would more likely than not be injured by the conduct." *Id.* In coming to its conclusion, the district court reasoned,

> In this case, one accident with the Wand occurred prior to [Lancial]'s accident. While it occurred in different circumstances, there are similarities. The accidents were both suffered by Sewer Cleaning Division employees while performing tasks they did not usually perform. They both occurred while using a Vactor Truck. However, [the first employee]'s injury was related to a large amount of pressure causing the hose to lift him up and slam him down. [Lancial]'s injury arose because the Wand broke apart. Although there are similarities between the injuries, the Court finds these similarities do not rise to the level of "probable injury." It appears the Wand had been used previously without issue. In fact, [Lancial] called to retrieve the Wand from another crew after he heard that they were having success using it on the very same day with the same type of truck.
> . . .
> Neither Defendant knew [Lancial] was using the Wand, nor did they direct [Lancial] to use the Wand to complete the job. Further, the one accident prior does not bear such a striking resemblance to make this injury rise to the level of "probable." Because the evidence as presented does not support the second element of the *Thompson* test, the Motion for Summary Judgment must be granted.

We agree with the district court's assessment.

With Lancial failing to meet the second element, discussion of the third, a conscience failure to avoid the peril, is unnecessary as all three elements must be proven. *T.H.E. Ins. Co. v. Estate of Booher*, 944 N.W.2d 655, 664 (Iowa 2020) (citing *Thompson*, 312 N.W.2d at 505); *Johnson*, 481 N.W.2d at 320. Even so, the district court briefly addressed the third element:

> [A]lthough there were some similarities, ultimately the circumstances surrounding the injuries sustained by [the first employee] and

5

[Lancial] were markedly different.  For example, at the time of [Lancial]'s injury, the Wand was being used in a different manner, for a different task, with different pressures.  There is nothing in the record to suggest that Defendants knew the Wand was an imminent danger to [Lancial] (or any other employee) as it was being used by [Lancial] . . . .

Again, we agree with the district court.

We find the district court opinion well thought out and written.  We need say no more.  *See* Iowa Ct. R. 21.26(d).

**AFFIRMED.**

.