# IN THE COURT OF APPEALS OF IOWA

No. 23-0718
Filed January 10, 2024

**PAUL DAMJANOVIC and BRITTANY DAMJANOVIC, Individually and as Next Friends of E.D. and E.D.,**
    Plaintiffs-Appellants,

**vs.**

**AARON HICKLE, TODD WILSON, and RICK ROBBINS,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Floyd County, James M. Drew, Judge.

Plaintiffs appeal the district court's order granting summary judgment in favor of the defendants. **AFFIRMED.**

Judith O'Donohoe of Elwood, O'Donohoe, Braun, White, LLP, Charles City, for appellants.

Andrew Tice of Ahlers & Cooney, P.C., Des Moines, for appellees.

Considered by Bower, C.J., and Schumacher and Langholz, JJ.

**BOWER, Chief Judge.**

Paul and Brittany Damjanovic, individually and as next friends of E.D. and E.D. (collectively Damjanovic), appeal a summary judgment ruling in favor of Aaron Hickle, Todd Wilson, and Rick Robbins dismissing Damjanovic's claims of gross negligence. Upon our review, we affirm.

## I.    Background Facts & Proceedings

Paul Damjanovic worked for Hawkeye Mold as an injection mold machine operator. Damjanovic's job required him to run a PLACO plastic injection molding machine that had been used at Hawkeye since approximately 2007. In 2019, Damjanovic was injured when the machine suddenly sprayed hot plastic. Damjanovic brought a gross-negligence suit against co-employees Hickle, Wilson, and Robbins.

The defendants moved for summary judgment claiming Damjanovic failed to state a claim upon which relief may be granted, as well as other defenses. Damjanovic resisted. Following a hearing, the district court entered an order granting summary judgment in favor of the defendants. Damjanovic appeals.[1]

## II.    Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

---

[1] Insofar as Damjanovic takes issue with the district court's failure to "recogniz[e] the role of work safety violations in causing [his] injury," because the court did not address the challenged evidence in its ruling, we find this claim unpreserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) (noting "issues must ordinarily be both raised and decided by the district court before we will decide them on appeal").

party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3). Our review is for correction of errors at law. *See Livingood v. City of Des Moines*, 991 N.W.2d 733, 740 (Iowa 2023).

### III. Discussion

In general, workers' compensation is the only remedy available for workplace injuries. *See* Iowa Code § 85.20 (2019). An exception to that rule exists when an injury is "caused by the other employee's gross negligence amounting to such lack of care as to amount to wanton neglect for the safety of another." *Id.* § 85.20(2). The exception is "a narrow one." *Walker v. Mlakar*, 489 N.W.2d 401, 405 (Iowa 1992); *Johnson v. Interstate Power Co.*, 481 N.W.2d 310, 321 (Iowa 1992) ("Allegations of gross negligence . . . carry a high burden of proof."); *see also Dudley v. Ellis*, 486 N.W.2d 281, 283 (Iowa 1992) (listing cases in which plaintiffs failed to present substantial evidence of gross negligence to submit to jury).

To establish his co-employees were grossly negligent, Damjanovic was required to prove the defendants had: "(1) knowledge of the peril to be apprehended; (2) knowledge that injury is a probable, as opposed to a possible, result of the danger; and (3) a conscious failure to avoid the peril." *Thompson v. Bohlken*, 312 N.W.2d 501, 505 (Iowa 1981). We will focus on the second element. *See Oppedahl v. Various Emps. of Iowa Dep't of Transp.*, No. 19-1851, 2021 WL 211139, at *1–2 (Iowa Ct. App. Jan. 21, 2021) (finding it necessary to address only one of the three elements). The second element "is usually determinative [as] it is exceptionally difficult for plaintiffs to prove that a defendant had the requisite knowledge an injury was probable, rather than possible, under the circumstances."

*Lancial v. Burrell*, No. 20-0136, 2020 WL 5650616, at *2 (Iowa Ct. App. Sept. 23, 2020). It "requires more than a showing of the defendant's actual or constructive knowledge of the actuarial foreseeability—even certainty—that accidents will happen." *Oppedahl*, 2021 WL 211139, at *2 (internal quotation marks and citations omitted). To satisfy this element, Damjanovic "must show not only the existence of a zone of imminent danger, but that the defendant[s] knew or should have known that their conduct caused [him] to be in that zone."[2] *See Alden v. Genie Indus.*, 475 N.W.2d 1, 3 (Iowa 1991).

On this issue—and as the court's analysis relates to the first element—the district court determined:

> The Defendants contend there is no evidence to show they had "actual knowledge" of the peril that resulted in Damjanovic's injuries. Damjanovic argues that prior similar incidents, particularly one involving Defendant Robbins, generate an issue of material fact on the "actual knowledge" element. Robbins was injured in 2013 when the PLACO machine's accumulator, located on top of the machine, became plugged. Robbins was burned when he removed a port releasing hot plastic. The work was done on top of the machine as opposed to the operator's area where Damjanovic was injured.
>
> The Court agrees with the Defendants' argument that the circumstances causing Robbins'[s] injury are not sufficiently similar to those causing injury to Damjanovic. Robbins was on top of the machine performing a maintenance function and removed a part causing hot plastic to be released. Damjanovic was in the operator's area and was burned when purging a machine, which is part of the normal operations process. There is no evidence in the record to indicate that anyone had ever been injured while performing a purge. That there may have been a "general risk" of injury around the machine is not sufficient. There must be evidence to show that the Defendants had actual knowledge that their conduct placed Damjanovic in imminent danger. It is the court's opinion there is no

---

[2] Contrary to Damjanovic's claim, we see no indication the court "consider[ed] Defendant's argument" that "an intent to injure" is required to support a gross-negligence claim.

evidence in the record sufficient to support a finding that the defendants had actual knowledge of the peril.

. . . .

There must be evidence showing the defendants knew that injury to Damjanovic was <u>probable</u>, not just possible. The lack of prior similar incidents has been discussed above. Furthermore[,] as Damjanovic acknowledges in his brief, the defendants did not wear PPE [(personal protective equipment)] around the machine. To believe they were knowingly "assuming the risk" of the imminent danger of being burned by hot melted plastic is an unreasonable inference. The only reasonable inference is that they did not believe they were in danger. Therefore, it is the court's opinion there is no evidence in the record sufficient to support a finding that the defendants knew Damjanovic would probably be injured while operating the machine.

Viewing the facts in a light most favorable to Damjanovic,[3] we agree with the district court and discern no genuine issue of material fact on the question of whether the defendants "knew their actions would place [Damjanovic] in imminent danger, so that [he] would more likely than not be injured by the conduct." *See Hernandez v. Midwest Gas Co.*, 523 N.W.2d 300, 305 (Iowa Ct. App. 1994). "Without this knowledge component, [Damjanovic] could not establish the second element of the *Thompson* test as a matter of law." *See Oppedahl*, 2021 WL 211139, at *3.

Although discussion of the third element—a conscious failure to avoid the peril—is unnecessary because our discussion above is dispositive to Damjanovic's claims, we concur in the court's finding relating to that element: "The court has already concluded the record does not contain evidence that the defendants had actual knowledge of the peril. There can be no 'conscious failure' to avoid a peril the defendants were not cognizant of."

---

[3] Contrary to Damjanovic's claim, we find no error in the court's application of the requisite summary-judgment burden of proof in analyzing his claims.

The defendants request an award of appellate attorney fees. Because section 85.20 does not expressly authorize attorney fees, we deny their request. *See Iowa Beta Chapter of Phi Delta Theta Fraternity v. State*, 763 N.W.2d 250, 268–69 (Iowa 2009) ("We have repeatedly stated that, as a general rule in Iowa, the court cannot award attorney fees in the absence of a statute or contract authorizing an award of attorney fees.").

We affirm the district court's grant of summary judgment in favor of the defendants.

**AFFIRMED.**