[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT)
Pursuant to Practice Book § 17-44 et seq., the defendants Overnite Transportation Company and Ferreira have filed for summary judgment. The defendants contend they were not the legal cause of the motor vehicle accident which allegedly resulted in the death of Robert S. Grazul.
This action arises out of a tractor trailer collision that occurred on May 24, 2000. The plaintiffs have brought claims for wrongful death and a loss of consortium, based upon the negligence and recklessness of multiple defendants. Counts Ten through Eighteen of the plaintiffs' Second Amended Complaint are directed towards defendants Ferreira and CT Page 560 Overnite.
Facts common to each of these nine counts are that on May 24, 2000 at approximately 12:55 A.M., Ferreira was operating a tandem tractor-trailer owned by Overnite in the center lane of Interstate 95. While near exit 44 the vehicle operated by Ferreira lost control, spun and overturned in the roadway spilling diesel fuel and causing a portion of said road to become blocked. Later that same day, at approximately 5:19 A.M., the plaintiff's decedent, Robert Grazul, was operating his vehicle on Interstate 95 near exit 43. Decedent Grazul and others were slowed and stopped in traffic created by the rollover of Ferreira's and Overnite's truck, when a different tractor trailer, owned by defendant Gunther's Leasing Transport, Inc. and operated by defendant Montague, collided with a truck directly behind the decedent Robert Grazul. The truck behind Grazul was propelled into and collided with Grazul's vehicle, thereby causing Grazul's death.
The defendants Ferreira and Overnite argue that the one vehicle accident involving Ferreira's operation of Overnite's truck at 12:55 A.M. cannot be the legal cause of the accident which killed Grazul, as the second accident occurred over four hours later and approximately one and one-half miles away from the location of the accident involving defendants Ferreira and Overnite.
The plaintiffs in opposing the motion for summary judgment argue that the actions of the defendant Ferreira in overturning the defendant Overnite's truck at 12:55 A.M. on May 24, 2000, can be found to be a substantial factor in causing the second accident at 5:19 A.M. on May 24, 2000, which resulted in the death of Robert Grazul.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins.,Co., 245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski,206 Conn. 495, 500 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. HertzCorp. v. Federal Ins. Corp., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. DickmontPlastics Corp., 229 Conn. 99 (1994). The test used by the court is to determine if the moving party would be entitled to a directed verdict if CT Page 561 the same set of facts were presented at trial. Connell v. Colwell,214 Conn. 242, 246-47 (1990). A directed verdict is properly rendered if a trier of fact cannot reasonably and legally find in any fashion other than that directed. Santopietro v. New Haven, 239 Conn. 207, 225 (1996). The issue of causation is a question of fact for the trier of fact,Abrahams v. Young and Rubicam, Inc., 240 Conn. 300, 307 (1997), and can only become one of law "when the mind of a fair and reasonable person could reach only one conclusion." Id. Accordingly, "issues of negligence are ordinarily not susceptible of summary judgment adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw,193 Conn. 442, 446 (1984). "Summary judgment is ill-adapted to negligence cases, since the conclusion of negligence is normally one of fact."Velardi v. Ryder Truck Rental, Inc., 178 Conn. 371, 374 (1979).
The defendants argue that in order for the plaintiffs to recover, the plaintiff must establish that a duty of care was owed. "Duty is a legal conclusion about relationships between individual, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual. . . ." (Citation omitted; internal quotation marks omitted.) Waters v. Autori,236 Conn. 820, 827, 676 A.2d 357 (1996). Duty is premised on the notion of foreseeability that harm may result if it is not exercised."Botticelli v. Winters, 125 Conn. 537, 542 (1939). "By that, it is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the ordinary man in the defendant's position, knowing why he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?" Frankovitch v. Burton, 185 Conn. 4, 20-21 (1981).
The question of whether an ordinary man in the position of the defendant, having rolled his truck over on Interstate 95, and having spilled diesel fuel on the roadway, should anticipate that his actions could cause an accident, such as the one alleged in this matter. It is a question for the trier of fact.
It can be argued that the plaintiffs' allegations, if proven, would establish that the defendant was the cause in fact of their losses. The test is would the injury have occurred were it not for the defendants' conduct. Paige v. St. Andrews Roman Catholic Church Corp., 250 Conn. 14,25 (1999). Whether the defendant's actions created a foreseeable risk and were the proximate cause of the plaintiff's injuries and death can be questions of reasonable disagreement and thus, should be determined by the trier of fact. Stewart v. Federated Dept. Stores, Inc., 234 Conn. 597,606 (1995). CT Page 562
The motion for summary judgment filed by the defendants Ferreira and Overnite Transportation Company is hereby denied.
The Court
By Arnold, J.